NO. 15CV00382

_____

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT

_____

Vincent Rose
Plaintiff

v.

The Board of Election Commissioners for the City of Chicago,
Langdon D. Neal, Chairman,
Richard A. Cowen, Secretary/Commissioner and
Marisel A. Hernandez Commissioner Defendant
The State of Illinois by Lisa Madigan Attorney General
Defendants

_____

The Honorable Judge Honorable Amy J. St. Eve.
Designated as Magistrate Judge the Honorable Michael T. Mason

_____

COMPLAINT OF PLAINTIFF
VINCENT ROSE

_____

Attorney For Plaintiff
Ilia Usharovich, Attorney
224 South Milwaukee Avenue Suite G
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Email:Ilia@usharolaw.com

TABLE OF CONTENTS

I.     FIRST AMENDED COMPLAINT FOR RELIEF ..................................................4

II.    PARTIES .....................................................................................................................4

III.   JURISDICTION ..........................................................................................................5

IV.   VENUE .......................................................................................................................5

V.    FACTUAL BASIS FOR CAUSE OF ACTION ..........................................................6

14.   A Run Off Election is set for April within the 7th ward Alderman. ........................8

VI.   COUNT ONE: COUNT ONE: VIOLATION OF 52 U.S.C.A. § 10301 ..................8

VII.  COUNT TWO: VIOLATION OF 52 U.S.C.A. § 10101 ........................................11

VIII.  COUNT 3: VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH AND FREEDOM OF ASSOCIATION .......................................................................................................11

IX.   COUNT FOUR: VIOLATION OF EQUAL PROTECTION ................................20

X.    COUNT FIVE: DUE PROCESS VIOLATION .....................................................21

XI.   COUNT 6: VIOLATION OF CIVIL RIGHTS UNDER SECTION 1983 .............22

XII.  REQUEST FOR RELIEF ........................................................................................22

## Cases

*Anderson v. Celebrezze,* 460 U.S. 780, 788, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983).12

*Anderson,* 460 U.S. at 789, 103 S.Ct. 1564 ....................................................................13

*Barr v. Ireland*, 575 F. Supp. 2d 747, 755 (S.D.W. Va. 2008)........................................20

*Burdick,* 504 U.S. at 434, 112 S.Ct. 2059. *Stone v. Bd. of Elections Comm'rs for City of Chicago*, 955 F. Supp. 2d 886, 892 (N.D. Ill. 2013) *aff'd sub nom. Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678 (7th Cir. 2014). .........................13

*Druck v. Illinois State Bd. of Elections*, 387 Ill. App. 3d 144, 153, 899 N.E.2d 437, 444 (2008)..................................................................................................................16

Druck v. Illinois State Board of Elections .......................................................................16

Gray v. Sanders, 372 U.S. 368, 379, 83 S. Ct. 801, 808, 9 L. Ed. 2d 821 (1963) ...18, 20

*Gray v. Sanders*, 372 U.S. 368, 379, 83 S. Ct. 801, 808, 9 L. Ed. 2d 821 (1963).........21

IL ST CH 65 § 20/21-28...............................................................................................7, 8

*Jenness v. Fortson*, 403 U.S. 431, 433, 91 S. Ct. 1970, 1971-72, 29 L. Ed. 2d 554 (1971).......................................................................................................................14

*Jenness v. Fortson*, 403 U.S. 431, 440-41, 91 S. Ct. 1970, 1975, 29 L. Ed. 2d 554 (1971). .....................................................................................................................15

*Jenness v. Fortson*, 403 U.S. 431, 442, 91 S. Ct. 1970, 1976, 29 L. Ed. 2d 554 (1971). ................................................................................................................................15

*Libertarian Party of Illinois v. Rednour*, 108 F.3d 768, 771 (7th Cir. 1997) ................14

*Medina v. City of E. Chicago, Indiana*, 184 F. Supp. 2d 805, 819 (N.D. Ind. 2001)...12

*Medina v. City of E. Chicago, Indiana*, 184 F. Supp. 2d 805, 819 (N.D. Ind. 2001). ....8

Norman v. Reed, 502 U.S. 279 (1992........................................................................15

Oxford Bank & Trust & Fifth Ave. Prop. Mgmt. v. Vill. of La Grange, 879 F. Supp. 3 2d 954, 966 (N.D. Ill. 2012 ......................................................................................8

Oxford Bank & Trust & Fifth Ave. Prop. Mgmt. v. Vill. of La Grange, 879 F. Supp. 3 2d 954, 966 (N.D. Ill. 2012). ...................................................................................12

People v. Gale, 376 Ill. App. ....................................................................................21

*Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678, 680 (7th Cir. 2014) ............................................................................................................. 19

*Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678, 681 (7th Cir. 2014) .............................................................................................................. 8

*Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678, 681 (7th Cir. 2014) ............................................................................................................. 12

*Stone v. Bd. of Elections Comm'rs for City of Chicago*, 955 F. Supp. 2d 886, 892 (N.D. Ill. 2013) *aff'd sub nom. Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678 (7th Cir. 2014) .................................................................... 12

*Stout v. Black*, 8 Ill. App. 3d 167, 172, 289 N.E.2d 456, 460 (1972) ......................... 19

## Statutes

28 U.S.C.A. § 1343 ............................................................................................................. 5

42 U.S.C.A. § 1983 ............................................................................................................. 5

52 U.S.C.A. § 10101 ...................................................................................................... 5, 11

52 U.S.C.A. § 10301 ............................................................................................... 5, 8, 9, 10

52 U.S.C.A. § 10302 ........................................................................................................... 5

52 U.S.C.A. § 10304, et Seq. .............................................................................................. 5

65 ILCS 20/21-28 ............................................................................................................... 7

10 ILCS 5/5-28.1 .............................................................................................................. 17

## Constitutional Provisions

U.S. Const. art. III, § 2, cl. 1 ............................................................................................. 5

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Vincent Rose                                    ]
Plaintiff                                       ]
v.                                              ]          NO. 15CV00382
                                                ]
The Board of Election Commissioners             ]
for the City of Chicago,                        ]          The Honorable Judge
                                                ]          Honorable Amy J. St. Eve.
Langdon D. Neal, Chairman,                      ]
Richard A. Cowen,                               ]
Secretary/Commissioner and                      ]          Designated as Magistrate
                                                ]          Judge the Honorable
Marisel A. Hernandez Commissioner               ]          Michael T. Mason
AND, the State of Illinois                      ]
Defendants                                      ]


## I.     FIRST AMENDED COMPLAINT FOR RELIEF

Plaintiff Vincent Rose presents the following first amended complaint against

Defendant Board of Election Commissioners for the City of Chicago, Defendant

Langdon D. Neal, Chairman, Defendant Richard A. Cowen, Defendant

Secretary/Commissioner and Marisel A. Hernandez Commissioner and the

Defendant the State of Illinois.

## II.                PARTIES

Plaintiff Vincent Rose is a natural person whom resides at 7425 S. South

Shore, Chicago, Illinois 60649.

Defendant Board of Election Commissioners for the City of Chicago,

Defendant Langdon D. Neal, Chairman, Defendant Richard A. Cowen, Defendant

Secretary/Commissioner and Marisel A. Hernandez Commissioner conduct business

at 69 W. Washington Street, Suites 600/800 Chicago, Illinois 60602. Such

Defendants are a Government agency for elections residing and operating within the County of Cook.

The State of Illinois through Lisa Madigan Illinois Attorney General is a Governmental Corporation and Agency located within the State of Illinois.

## III.    JURISDICTION

The Jurisdiction of the Federal Courts of the United States of America "*** shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States, ***" U.S. Const. art. III, § 2, cl. 1. Plaintiff's primary complaint against Defendant arises under 42 U.S.C.A. § 1983 of the Laws of the United States of America and 52 U.S.C.A. § 10101, 52 U.S.C.A. § 10301, 52 U.S.C.A. § 10302, 52 U.S.C.A. § 10304, et Seq.

Furthermore, The United States District Courts have original jurisdiction with regard to any civil action authorized by law to be commenced by any person to redress the deprivation, under color of any State law, statute ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States. See 28 U.S.C.A. § 1343)

## IV.    VENUE

Plaintiff maintains it principle place of residence in Cook County Illinois. Defendant's, Government agencies and officers also maintain their principal place of business in Cook County Illinois.  Furthermore, All Defendant's are residents of Cook County Illinois and the City of Chicago.

Additionally a substantial part of the events or omissions giving rise to the claim occurred in Cook County. Accordingly, this civil action is be brought within the judicial district in which the Defendant resides and all defendants are residents of the State in which the district is located; within a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and where a substantial part of property that is the subject of the action is situated.

## V.    FACTUAL BASIS FOR CAUSE OF ACTION

1. Plaintiff Vincent Rose filed his Petitions for nomination as candidate for Alderman in the 7th ward of the City of Chicago.

2. William Taylor and Michael Anderson objected to plaintiff's nomination petitions.

3. The Board of Elections conducted two records examinations.

4. Plaintiff obtained more than the required 4% of Signatures

5. The City of Chicago has not processed all voter registration records as of the time of the examination.

6. The Hearing officer, after two separate records examinations and hearings recommended to the Defendant Board that Plaintiff Candidate's name be excluded from the names of the candidates based on Plaintiff's failure to obtain the 4% of Signatures on January 12th, 2015.

7. In the 2015 elections each petition for nomination of the candidate is required to contain 473 or 473 signatures based on the following mathematical formula. ( 590357 / 50 ) x .04=473 or 473 rounded up.

8. The Illinois General Assembly amended 65 ILCS 20/21-28 which provides as follows

"All nominations for alderman of any ward in the city shall be by petition. All petitions for nominations of candidates shall be signed by such a number of legal voters of the ward as will aggregate not less than 4% of all the votes cast for alderman in such ward at the last preceding general election. For the election following the redistricting of wards petitions for nominations of candidates shall be signed by the number of legal voters of the ward as will aggregate not less than 4% of the total number of votes cast for mayor at the last preceding municipal election divided by the number of wards."

9. Prior to this law set the requirement at 2%

10. In 2012 there was a redistricting of the Wards within the City of Chicago.

11. In 2011 590,357 votes were cast for mayor at the last preceding municipal election in 2011.

12. Thus the 2015 petition for nomination of the candidate is required to contain 473 signatures based on the following mathematical formula. ( 590357 / 50 ) x .04=473

13. Each ward for the City of Chicago had the following numbers of votes cast in 2011 in the Aldermanic Election.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1. | 9847 | 14. | 5907 | 27. | 9429 | 40. | 8712 |
| 2. | 14611 | 15. | 7059 | 28. | 6780 | 41. | 20109 |
| 3. | 8928 | 16. | 6116 | 29. | 10603 | 42. | 15893 |
| 4. | 8577 | 17. | 9900 | 30. | 6251 | 43. | 14267 |
| 5. | 11743 | 18. | 15442 | 31. | 5508 | 44. | 11129 |
| 6. | 15045 | 19. | 23727 | 32. | 13437 | 45. | 15879 |
| 7. | 12345 | 20. | 7467 | 33. | 6667 | 46. | 13906 |
| 8. | 15202 | 21. | 15376 | 34. | 14183 | 47. | 16877 |
| 9. | 11010 | 22. | 4353 | 35. | 8786 | 48. | 12862 |
| 10. | 10701 | 23. | 16448 | 36. | 14052 | 49. | 9617 |
| 11. | 11026 | 24. | 9255 | 37. | 8778 | 50. | 11487 |
| 12. | 4872 | 25. | 8823 | 38. | 12256 | | |
| 13. | 11601 | 26. | 7438 | 39. | 10189 | | |

14. A Run Off Election is set for April within the 7ᵗʰ ward Alderman.

VI.     COUNT ONE: COUNT ONE: VIOLATION OF 52 U.S.C.A. § 10301

Congress has provided that "No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color***52 U.S.C.A. § 10301

Plaintiff is "running for office" and is a voter of the City of Chicago. "It has long been established that political activities (i.e. running for office, supporting a particular political candidate) are protected by the First Amendment. *Medina v. City of E. Chicago, Indiana*, 184 F. Supp. 2d 805, 819 (N.D. Ind. 2001).

"It is further well-settled that "[t]he impact of candidate eligibility requirements on voters implicates basic constitutional rights" to associate politically with like-minded voters and to cast a meaningful vote." *Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678, 681 (7th Cir. 2014).

The General Assembly passed IL ST CH 65 § 20/21-28. A generally applicable ordinance is nothing if not the 'policy' of the municipality, enacted by those with final policy-making authority." Oxford Bank & Trust & Fifth Ave. Prop. Mgmt. v. Vill. of La Grange, 879 F. Supp. 3 2d 954, 966 (N.D. Ill. 2012). Accordingly, it is the policy of Defendant's.

Plaintiff alleges that such statue and procedures at issue violate 52 U.S.C.A. § 10301. Specifically, based on the totality of the circumstances, it is clear that the political processes leading to nomination or election in the State or political subdivision of alderman are not equally open to participation by minority class of citizens protected by 52 U.S.C.A. § 10301. Furthermore the members of such class have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

Specifically, the 2015 Candidate for alderman is required to obtain 473 signatures based on the following mathematical formula. (590357/50) x .04=473 or 473 rounded up. While 473 signatures seem to be a uniform 4% throughout the 50 wards, it is not when actually applied. For Example, in the 22nd ward 473 signatures becomes a 10.87% signature requirement when compared to the number of voters in the prior aldermanic election of 2011 within that ward.  See Exhibit 1

In fact in every ward where there is a majority population of Hispanics the number deviates higher than 4%, except the 23rd ward where the number is lower which Plaintiff argues because there is almost equal majority of non-Hispanic whites.

A majority of deviations higher than 4% percent also occur when a minority population is sizeable within a mostly white ward and presents competition to the White Majority.

Furthermore, the majority of lower deviations from 4% occur within wards, which are predominantly white. For example the 19th ward has a 1.99% requirement the lowest amongst all wards, with a majority white population. Plaintiff herein incorporates Exhibit 2 to support his allegations.

Furthermore, the 4% requirement controlling the political processes leading to nomination or election in the State or political subdivision of alderman is not equally open to participation by Black, Asian, Pacific, and all other minority class of citizens protected by the Statute. Specifically, the members of such class have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice because a 4% requirement or signature amount of 473 is a higher amount then the actual number of persons who are of a protected class whom reside within such ward.

Accordingly, they have less opportunity than other members of the electorate to participate in the political process by running for office or otherwise to elect persons of their choice. For example the 10th ward only has 10 Asian residents. Clearly a signature amount of 473 or 4% creates a less opportunity for Asians to be participate in the political office or otherwise to elect persons of their choice. See Exhibit 3. Thus such 4% requirement and process is violative of 52 U.S.C.A. § 10301.

VII.     COUNT TWO: VIOLATION OF 52 U.S.C.A. § 10101

All citizens of the United States who are otherwise qualified by law to vote at any election by the people in any State, Territory, district, county, city, parish, township, school district, municipality, or other territorial subdivision, shall be entitled and allowed to vote at all such elections, without distinction of race, color, or previous condition of servitude; any constitution, law, custom, usage, or regulation of any State or Territory, or by or under its authority, to the contrary notwithstanding." 52 U.S.C.A. § 10101.

Plaintiff alleges the 4% scheme instituted was instituted to further racially discriminatory purposes of making it more difficult for Minorities to have access to the ballot and that the effect of the method is "to minimize or cancel out the voting strength of racial or political elements of the voting population". *Black Voters v. McDonough*, 565 F.2d 1, 4 (1st Cir. 1977) Such scheme dilutes the rights of minority voters.

In support of this count and allegation Plaintiff recites and adopts all the paragraphs and exhibits contained in Count 1 in support of this count. Plaintiff further recites and adopts all exhibits contained in this complaint in support of this count.

The effect of the system is the denial to such minority voters and candidates of equal access to the ballots and equal power of votes.

VIII.    COUNT 3: VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH
         AND FREEDOM OF ASSOCIATION

Plaintiff is "running for office" and is a voter of the City of Chicago. "It has long been established that political activities (i.e. running for office, supporting a particular political candidate) are protected by the First Amendment. *Medina v.*

*City of E. Chicago, Indiana*, 184 F. Supp. 2d 805, 819 (N.D. Ind. 2001). "It is further well-settled that "[t]he impact of candidate eligibility requirements on voters implicates basic constitutional rights" to associate politically with like-minded voters and to cast a meaningful vote." *Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678, 681 (7th Cir. 2014).

The General Assembly passed IL ST CH 65 § 20/21-28. A generally applicable ordinance is nothing if not the 'policy' of the municipality, enacted by those with final policy-making authority." <u>Oxford</u> <u>Bank & Trust & Fifth Ave. Prop. Mgmt. v.</u> <u>Vill. of La Grange</u>, 879 F. Supp. 3 2d 954, 966 (N.D. Ill. 2012).

"Reasonable restrictions may be imposed on candidates because states have an interest in requiring a demonstration of qualification in order for the elections to be run fairly and effectively." *Stone v. Bd. of Elections Comm'rs for City of Chicago*, 955 F. Supp. 2d 886, 892 (N.D. Ill. 2013) *aff'd sub nom. Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678 (7th Cir. 2014)

Plaintiff alleges that when applying the balancing test articulated in *Anderson v. Celebrezze,* 460 U.S. 780, 788, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983), the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments which plaintiff seeks to vindicate against the precise interests put forward by the State as justifications for the burden imposed by its rule," taking into consideration "the extent to which those interests make it necessary to burden the plaintiffs' rights, the  regulation is not justified by a

compelling interest and is not narrowly tailored to serve that interest. *Anderson,* 460 U.S. at 789, 103 S.Ct. 1564.

Furthermore, the law imposes unreasonable, nondiscriminatory restrictions, upon the protected rights passes constitutional muster if it and furthers no important state regulatory interests. *Burdick,* 504 U.S. at 434, 112 S.Ct. 2059. *Stone v. Bd. of Elections Comm'rs for City of Chicago*, 955 F. Supp. 2d 886, 892 (N.D. Ill. 2013) *aff'd sub nom. Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678 (7th Cir. 2014).

In Support of this allegation Plaintiff incorporates all paragraphs and exhibits in this complaint. By creating such a variable rate amongst the community through a 4% or 473 signature requirement the State cannot have a compelling interest because the measurable quantum is not actually based on community support but rather the votes for the mayor outside the community (ward), which set the benchmark requirement of 473 votes. Especially when there are less votes required in a more populated ward, then those in a significantly less populated ward.

Defendant State of Illinois passed this ordinance, which resulted in the constitutional deprivation to Plaintiff. As such, the Defendant's municipal policy is the moving force behind the constitutional deprivation in that the Statute and its enforcement is the vehicle for denying access to the ballot and violating the Plaintiff's rights to run and an equal vote.

Defendants continue to deny Plaintiff access to the ballot, proper voting rights and continues to deny Plaintiff his constitutional rights.

Candidate further asserts that the amount of vote's candidate presented satisfies the prior 2% rule based on the number of voters in the 2011 election within the ward. Candidate asserts that his current signature amounts are a significant modicum of support and he is therefore in substantial compliance with the intent and provisions of the election code and that the Defendant has no basis to deny his access to the ballot.

Although numerous cases have upheld 5% as a reasonable benchmark for showing a reasonable modicum of support, such cases are inapplicable to this matter. Specifically, *Libertarian Party of Illinois v. Rednour*, 108 F.3d 768, 771 (7th Cir. 1997) stands for the proposition that 5% is approved. However, such case was in relation to a STATEWIDE election, which in the last governor's election had a voter population of 3,627,690.

Each Ward in the City of Chicago has less than 30,000.00 voters as shown in the exhibits. Logic dictates that if 5% is constitutional for a showing of support from more than 3 million people, 4% for small-populated wards is burdensome, irrational, unconstitutional, and causes a discriminatory impact on Voters.

While *Jenness v. Fortson*, 403 U.S. 431, 433, 91 S. Ct. 1970, 1971-72, 29 L. Ed. 2d 554 (1971) seems to be applicable, such case actually bolsters the position of Plaintiff rather than Defendant. Specifically, the court found that, "the 5% figure is, to be sure, apparently somewhat higher than the percentage of support required to be shown in many States as a condition for ballot position, **but this is balanced by the fact that Georgia has imposed no arbitrary restrictions**

<u>**whatever upon the eligibility of any registered voter to sign as many**</u>

<u>**nominating petitions as he wishes.**</u> Georgia in this case has insulated not a

single potential voter from the appeal of new political voices within its borders"

*Jenness v. Fortson*, 403 U.S. 431, 442, 91 S. Ct. 1970, 1976, 29 L. Ed. 2d 554 (1971).

However, **Illinois does not allow voters to sign as many nominating**

**petitions as he wishes and limits it to one nomination of a candidate**

**per voter.**

Furthermore, the law dealt with a 5% requirement of votes from the last

election for the office the candidate is running for. Our requirement is not based on

the actual number of voters in that specific wards election for which the candidate

is running but is rather on the election of the mayor, for which the candidate is not

running.

Lastly, the rule dealt with persons whom lost a primary and chose to run as

independent or by some other political body. The Court found that it could not be

unconstitutional because there are two alternative paths available for election. See

*Jenness v. Fortson*, 403 U.S. 431, 440-41, 91 S. Ct. 1970, 1975, 29 L. Ed. 2d 554

(1971). Here there is only one path, and a limitation on that path as to one

signature total per voter.

In Norman v. Reed, 502 U.S. 279 (1992) the court upheld a 5% signature

requirement, not to exceed 25,000 signatures in Cook County and Chicago.

However, such case dealt with establishing new political parties not candidates for office in small wards. [1] Also, the case dealt with county wide and state wide political party creations so as to be able to run candidate without signatures..

In Druck v. Illinois State Board of Elections, 387 Ill.App.3d 144, 152 the court held that "the requirement in section 10–2 of the Election Code, in elections subsequent to the first election following redistricting, that a new party file nominating petitions containing signatures from 5% of the qualified voters who voted in the next preceding regular election in such district is a reasonable and nondiscriminatory way to have the new party and its candidate, Druck, demonstrate a modicum." *Druck v. Illinois State Bd. of Elections*, 387 Ill. App. 3d 144, 153, 899 N.E.2d 437, 444 (2008). This law dealt with congressional districts, which had 222,230, not the city wards that have low populations.

Furthermore, the law provided that "Section 10–2 of the **Election** Code also provides that for **elections** other than the first **election** following a redistricting, a **new political party** that is formed for any district less than the entire state must file petitions signed by qualified voters of not less than 5% of the voters who voted at the next preceding regular **election in such district.**" Plaintiff issue deals with candidates, not primary elections, and a flat percentage of votes based on a total of all the districts and the mayor's race.

---

[1] A new political party becomes an "established political party" if it receives 5% of the vote in the next election, but a party that has not engaged in a statewide election can become "established" only in a subdivision where it has fielded candidates.
*Norman v. Reed*, 502 U.S. 279, 279, 112 S. Ct. 698, 116 L. Ed. 2d 711 (1992)

While the Government may argue that "After ward boundaries change because of redistricting, it would no longer make sense to use the totals of a prior election's aldermanic turnout in that ward as the benchmark for a new election." Accordingly, their actions of connecting the Mayors race to the wards are legally justified on that basis. However, The General Assembly required that, "For use in connection with referenda and **the nonpartisan** and **consolidated elections**, each election authority **shall maintain** permanent records of the boundaries of all political subdivisions partially or wholly within its jurisdiction and any districts thereof, and **shall maintain permanent records indicating by tax extension number code for each registered voter. The political subdivisions and any districts thereof in which that voter resides**. Such records may be kept on the registration record cards or on separate registration lists, or if a method other than record coding by tax extension number is adopted by an election authority, such method shall be, approved by the State Board of Elections. Each political subdivision must, no later than 5 days after any redistricting, annexation, disconnection or other boundary change is adopted, give notice of any such adoption and the effective date of such act to each election authority having election jurisdiction over any of its former or new territory." SEE 10 ILCS 5/5-28.1. Thus, After the redistricting in 2012 the General Assembly had three years to determine the current amount of voters within the new boundaries based on the 10 ILCS 5/5-28.1.required records and the ease of looking whom is registered within the new boundaries.

Additionally, the Formula could have been determined by examining the precincts of voting within each ward that were swapped and adding or subtracting the number from the relative wards.

However, the real issue is that a ward with 5,000 voters is being diluted or otherwise controlled by 54500 voters from another geographical area.

The idea that one groups voting strength is dependent on another is hostile to the one man, one vote basis of our representative government and violative of due process and the 1st, 2nd, and 14th and amendment, and equal protection. See Id. "Once the geographical unit for which a representative is to be chosen is designated, all who participate in the election are to have an equal vote—whatever their race, whatever their sex, whatever their occupation, whatever their income, and wherever their home may be in that geographical unit." Gray v. Sanders, 372 U.S. 368, 379, 83 S. Ct. 801, 808, 9 L. Ed. 2d 821 (1963)

While the Government may argue that if a 5% requirement is constitutional, a 4% requirement is well within the constitutional limit. The case at bar is dealing with candidates not party's, there is also no primary election, and there is a flat percentage of votes based on a total of all the districts and the mayors race, and Within that small number of 50 are 50 separate wards with 50 significantly differing populations numbers and numbers of voters, thus 22,000 influence the vote of 4,700.00

With regard to *Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678, 680 (7th Cir. 2014), the court held that "In light of cases like Jeness and Norman, we have said that 'plaintiffs cannot argue' that even a '5% petitioning requirement is severe on its face." However, Stone dealt with the issue that "Under Illinois law, candidates for Chicago mayor, city treasurer, or city clerk must gather signatures from 12,500 "legal voters of the city" to have their name printed on the ballot. 65 ILCS 20/21–28(b). This figure amounts to just under 1% of the 1.3 million or so registered voters in Chicago. As a proportion of active voters, the number is somewhat higher; 12,500 is approximately 2.7% of the number of votes cast in the 2007 mayoral election and 2.1% of those cast in 2011." *Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678, 680 (7th Cir. 2014). The Plaintiff's case is not based on a citywide election but rather on individual wards. Furthermore, no votes are influenced in Stone by another district or area. Additionally, 5% is okay for a mayors race based on millions of voters, how could 4% be okay for 50 races based on no more than 50,000.00-60,000.00 people.

In *Stout v. Black*, 8 Ill. App. 3d 167, 172, 289 N.E.2d 456, 460 (1972) where the court found that the 5,000 signature requirement equals only 2 to 3% Of the registered voters in the 14th district, and all districts are substantially equal in population. Ill.Const. art. 4, sec. 3(a). *Stout v. Black*, 8 Ill. App. 3d 167, 172, 289 N.E.2d 456, 460 (1972). Here however, the 473 signature percent requires more than 7% of voter and all the districts or wards are not substantially equal in population.

## IX.    COUNT FOUR: VIOLATION OF EQUAL PROTECTION

Candidates for political office and voters enjoy both a First and Fourteenth Amendment right to participate equally in the electoral process, associate with one another to achieve policy goals and to vote. See *Barr v. Ireland*, 575 F. Supp. 2d 747, 755 (S.D.W. Va. 2008).

Plaintiff argues that there is no rationale, compelling, or other proper basis for the different treatment of the class of aldermanic candidates and voters in that allowing some candidates to access the ballot or voters their choice of candidate with only 1.9% of the signatures and providing for 50 different variable amounts of signature is not rationale, is discriminatory, unnecessary, and violative of equal protection.

The idea that one groups voting strength is dependent on another is hostile to the one man, one vote basis of our representative government and violative of due process and the 1st, 2nd, and 14th and amendment, and equal protection. See Id.

"Once the geographical unit for which a representative is to be chosen is designated, all who participate in the election are to have an equal vote—whatever their race, whatever their sex, whatever their occupation, whatever their income, and wherever their home may be in that geographical unit." *Gray v. Sanders*, 372 U.S. 368, 379, 83 S. Ct. 801, 808, 9 L. Ed. 2d 821 (1963)

"How then can one person be given twice or 10 times the voting power of another person in a statewide election merely because he lives in a rural area or

because he lives in the smallest rural county? " *Gray v. Sanders*, 372 U.S. 368, 379, 83 S. Ct. 801, 808, 9 L. Ed. 2d 821 (1963).

Allowing the voters of other wards to influence the elections within other wards dilutes the power of the voters in small wards by those of larger populated wards and violates equal protection.

## X.     COUNT FIVE: DUE PROCESS VIOLATION

"An attack on procedural due process focuses on the statute's specific procedures and whether the statute provides an "opportunity to be heard at a meaningful time and in a meaningful manner." People v. Gale, 376 Ill. App. 3d 344, 361, 876 N.E.2d 171, 187 (2007).

Plaintiff asserts that he was not provided a hearing in a meaningful time and manner. Specifically, Plaintiff's records examinations were conducted prior to City of Chicago's new voter registration records being updated. Accordingly, the results of such examination were not accurate and such hearing was not meaningful because the records used to compare the signatures were not available thereby invalidating numerous signatures from Plaintiff's nomination papers.
In support of this count and allegation Plaintiff recites all the paragraphs and exhibits listed and contained within this Complaint and incorporates them in to this count.

XI.    COUNT 6: VIOLATION OF CIVIL RIGHTS UNDER SECTION 1983

Plaintiff cites to and incorporates within this count all counts, statements, and

exhibits, to support his claim for the Defendant's violation of Plaintiff's Civil Rights.

XII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Honorable Court for the Following Relief:

1. Ordering A Stay on the Run-Off Election for the 7th ward.

2. Plaintiff's name be placed on the ballot prior to the run-off election

3. Damages in excess of $100,000.00

4. Attorney's Fees and Costs

5. Invalidation of 65 ILCS 20/21-28

/S/ Ilia Usharovich
Attorney For Plaintiff
Ilia Usharovich, Attorney
224 South Milwaukee Avenue Suite G
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Email:Ilia@usharolaw.com

EXHIBIT 1

| WARDS | | VOTES FOR ALDERMAN 2011 | REQUIRED SIGNITURES | PERCENT/ |
|---|---|---|---|---|
| | 1 | 9847 | 473 | 4.80% |
| | 2 | 14611 | 473 | 3.24% |
| | 3 | 8928 | 473 | 5.30% |
| | 4 | 8577 | 473 | 5.51% |
| | 5 | 11743 | 473 | 4.03% |
| | 6 | 11744 | 474 | 4.04% |
| | 7 | 11745 | 475 | 4.04% |
| | 8 | 11746 | 476 | 4.05% |
| | 9 | 11010 | 473 | 4.30% |
| | 10 | 10701 | 473 | 4.42% |
| | 11 | 11026 | 473 | 4.29% |
| | 12 | 4872 | 473 | 9.71% |
| | 13 | 11601 | 473 | 4.08% |
| | 14 | 5907 | 473 | 8.01% |
| | 15 | 7059 | 473 | 6.70% |
| | 16 | 6116 | 473 | 7.73% |
| | 17 | 9900 | 473 | 4.78% |
| | 18 | 15442 | 473 | 3.06% |
| | 19 | 23727 | 473 | 1.99% |
| | 20 | 7467 | 473 | 6.33% |
| | 21 | 15376 | 473 | 3.08% |
| | 22 | 4353 | 473 | 10.87% |
| | 23 | 16448 | 473 | 2.88% |
| | 24 | 9255 | 473 | 5.11% |
| | 25 | 8823 | 473 | 5.36% |
| | 26 | 7438 | 473 | 6.36% |
| | 27 | 9429 | 473 | 5.02% |
| | 28 | 6780 | 473 | 6.98% |
| | 29 | 10603 | 473 | 4.46% |
| | 30 | 6251 | 473 | 7.57% |
| | 31 | 5508 | 473 | 8.59% |
| | 32 | 13437 | 473 | 3.52% |
| | 33 | 6667 | 473 | 7.09% |
| | 34 | 14183 | 473 | 3.33% |
| | 35 | 8786 | 473 | 5.38% |
| | 36 | 14052 | 473 | 3.37% |
| | 37 | 8778 | 473 | 5.39% |
| | 38 | 12256 | 473 | 3.86% |
| | 39 | 10189 | 473 | 4.64% |
| | 40 | 8712 | 473 | 5.43% |
| | 41 | 20109 | 473 | 2.35% |
| | 42 | 15893 | 473 | 2.98% |
| | 43 | 14267 | 473 | 3.32% |
| | 44 | 11129 | 473 | 4.25% |
| | 45 | 15879 | 473 | 2.98% |
| | 46 | 13906 | 473 | 3.40% |
| | 47 | 16877 | 473 | 2.80% |
| | 48 | 12862 | 473 | 3.68% |
| | 49 | 9617 | 473 | 4.92% |
| | 50 | 11487 | 473 | 4.12% |

EXHIBIT 2

| WARDS | VOTES FOR ALDERMAN 2011 | REQUIRED SIGNIT | PERCENTAGE OF | Population 2010 | % BLACK | % HISPANIC | % WHITE | % ASIAN |
|---|---|---|---|---|---|---|---|---|
| 1 | 9847 | 473 | 4.80% | 55522 | 4.53% | 34.62% | 54.59% | 4.07% |
| 2 | 14611 | 473 | 3.24% | 69356 | 40.03% | 6.59% | 39.62% | 11.25% |
| 3 | 8928 | 473 | 5.30% | 40512 | 76.72% | 9.17% | 8.60% | 3.72% |
| 4 | 8577 | 473 | 5.51% | 49195 | 69.67% | 3.36% | 16.50% | 7.48% |
| 5 | 11743 | 473 | 4.03% | 46246 | 73.25% | 2.93% | 17.00% | 4.25% |
| 6 | 11744 | 474 | 4.04% | 46247 | 73.25% | 2.93% | 17.00% | 4.25% |
| 7 | 11745 | 475 | 4.04% | 46248 | 73.25% | 2.93% | 17.00% | 4.26% |
| 8 | 11746 | 476 | 4.05% | 46249 | 73.25% | 2.94% | 17.01% | 4.26% |
| 9 | 11010 | 473 | 4.30% | 43530 | 92.33% | 4.84% | 1.61% | 0.05% |
| 10 | 10701 | 473 | 4.42% | 51899 | 18.23% | 62.89% | 17.69% | 0.27% |
| 11 | 11026 | 473 | 4.29% | 55911 | 2.22% | 33.19% | 32.81% | 30.61% |
| 12 | 4872 | 473 | 9.71% | 56024 | 15.63% | 72.12% | 8.01% | 3.78% |
| 13 | 11601 | 473 | 4.08% | 64065 | 3.80% | 71.97% | 22.73% | 0.81% |
| 14 | 5907 | 473 | 8.01% | 59913 | 1.84% | 87.78% | 8.30% | 1.73% |
| 15 | 7059 | 473 | 6.70% | 47674 | 61.31% | 34.41% | 3.12% | 0.22% |
| 16 | 6116 | 473 | 7.73% | 45920 | 56.09% | 40.91% | 1.97% | 0.13% |
| 17 | 9900 | 473 | 4.78% | 45902 | 97.14% | 1.31% | 0.42% | 0.07% |
| 18 | 15442 | 473 | 3.06% | 55593 | 66.41% | 23.58% | 8.52% | 0.43% |
| 19 | 23727 | 473 | 1.99% | 52647 | 26.86% | 5.32% | 65.74% | 0.60% |
| 20 | 7467 | 473 | 6.33% | 49263 | 71.64% | 21.57% | 4.20% | 1.25% |
| 21 | 15376 | 473 | 3.08% | 50845 | 97.62% | 0.97% | 0.32% | 0.04% |
| 22 | 4353 | 473 | 10.87% | 50941 | 4.79% | 92.91% | 1.86% | 0.09% |
| 23 | 16448 | 473 | 2.88% | 58163 | 4.02% | 47.36% | 47.00% | 0.99% |
| 24 | 9255 | 473 | 5.11% | 49587 | 89.14% | 8.63% | 1.19% | 0.16% |
| 25 | 8823 | 473 | 5.36% | 55613 | 5.80% | 56.72% | 19.35% | 16.58% |
| 26 | 7488 | 473 | 6.36% | 50599 | 12.21% | 61.49% | 23.57% | 1.31% |
| 27 | 9429 | 473 | 5.02% | 51261 | 46.82% | 16.79% | 30.93% | 3.71% |
| 28 | 6780 | 473 | 6.98% | 48761 | 83.72% | 12.81% | 2.14% | 0.31% |
| 29 | 10603 | 473 | 4.46% | 51206 | 65.94% | 27.00% | 4.78% | 1.20% |
| 30 | 6251 | 473 | 7.57% | 54516 | 3.76% | 74.14% | 19.04% | 2.01% |
| 31 | 5508 | 473 | 8.59% | 57914 | 2.58% | 80.43% | 14.60% | 1.56% |
| 32 | 13437 | 473 | 3.52% | 63515 | 2.69% | 10.60% | 80.23% | 4.42% |
| 33 | 6667 | 473 | 7.09% | 52793 | 3.68% | 54.40% | 31.00% | 8.50% |
| 34 | 14183 | 473 | 3.33% | 48245 | 96.98% | 1.30% | 0.50% | 0.07% |
| 35 | 8786 | 473 | 5.38% | 51005 | 4.40% | 59.10% | 32.21% | 2.58% |
| 36 | 14052 | 473 | 3.37% | 60473 | 5.51% | 32.40% | 57.39% | 3.44% |
| 37 | 8778 | 473 | 5.39% | 51213 | 62.66% | 33.83% | 2.20% | 0.46% |
| 38 | 12256 | 473 | 3.86% | 58810 | 1.40% | 35.94% | 56.68% | 4.39% |
| 39 | 10189 | 473 | 4.64% | 55809 | 3.45% | 32.96% | 42.63% | 17.57% |
| 40 | 8712 | 473 | 5.43% | 53439 | 8.52% | 23.43% | 48.81% | 16.31% |
| 41 | 20109 | 473 | 2.35% | 60020 | 0.99% | 10.24% | 82.00% | 5.20% |
| 42 | 15893 | 473 | 2.98% | 79216 | 5.62% | 5.42% | 72.65% | 13.99% |
| 43 | 14267 | 473 | 3.32% | 56746 | 4.66% | 4.57% | 83.23% | 5.50% |
| 44 | 11129 | 473 | 4.25% | 58097 | 2.95% | 6.41% | 82.54% | 6.01% |
| 45 | 15879 | 473 | 2.98% | 58117 | 1.16% | 23.65% | 65.08% | 7.85% |
| 46 | 13906 | 473 | 3.40% | 53977 | 18.98% | 12.24% | 56.99% | 9.19% |
| 47 | 16877 | 473 | 2.80% | 56565 | 2.73% | 15.27% | 73.83% | 5.61% |
| 48 | 12862 | 473 | 3.68% | 54186 | 16.88% | 13.51% | 53.31% | 13.36% |
| 49 | 9617 | 473 | 4.92% | 52252 | 27.54% | 24.18% | 37.46% | 7.26% |
| 50 | | 11487 | 473 | 4.12% | 58458 | 19.14% | 22.75% | 44.96% | 0.00% |

| WARDS | VOTES FOR ALDERMAN 2011 | REQUIRED SIGNIT | PERCENTAGE OF SIG | Population 2010 | % BLACK | % HISPANIC | % WHITE |
|---|---|---|---|---|---|---|---|
| 1 | 9847 | 473 | 4.80% | 55522 | 4.53% | 34.62% | 54.59% |
| 2 | 14611 | 473 | 3.24% | 69356 | 40.03% | 6.59% | 39.62% |
| 3 | 8928 | 473 | 5.30% | 40512 | 76.72% | 9.17% | 8.60% |
| 4 | 8577 | 473 | 5.51% | 49195 | 69.67% | 3.36% | 16.50% |
| 5 | 11743 | 473 | 4.03% | 46246 | 73.25% | 2.93% | 17.00% |
| 6 | 11744 | 474 | 4.04% | 46247 | 73.25% | 2.93% | 17.00% |
| 7 | 11745 | 475 | 4.04% | 46248 | 73.25% | 2.93% | 17.00% |
| 8 | 11746 | 476 | 4.05% | 46249 | 73.25% | 2.94% | 17.01% |
| 9 | 11010 | 473 | 4.30% | 43530 | 92.33% | 4.84% | 1.61% |
| 10 | 10701 | 473 | 4.42% | 51899 | 18.23% | 62.89% | 17.69% |
| 11 | 11026 | 473 | 4.29% | 55911 | 2.22% | 33.19% | 32.81% |
| 12 | 4872 | 473 | 9.71% | 56024 | 15.63% | 72.12% | 8.01% |
| 13 | 11601 | 473 | 4.08% | 64065 | 3.80% | 71.97% | 22.73% |
| 14 | 5907 | 473 | 8.01% | 59913 | 1.84% | 87.78% | 8.30% |
| 15 | 7059 | 473 | 6.70% | 47674 | 61.31% | 34.41% | 3.12% |
| 16 | 6116 | 473 | 7.73% | 45920 | 56.09% | 40.91% | 1.97% |
| 17 | 9900 | 473 | 4.78% | 45902 | 97.14% | 1.31% | 0.42% |
| 18 | 15442 | 473 | 3.06% | 55593 | 66.41% | 23.58% | 8.52% |
| 19 | 23727 | 473 | 1.99% | 52647 | 26.86% | 5.32% | 65.74% |
| 20 | 7467 | 473 | 6.33% | 49263 | 71.64% | 21.57% | 4.20% |
| 21 | 15376 | 473 | 3.08% | 50845 | 97.62% | 0.97% | 0.32% |
| 22 | 4353 | 473 | 10.87% | 50941 | 4.79% | 92.91% | 1.86% |
| 23 | 16448 | 473 | 2.88% | 58163 | 4.02% | 47.36% | 47.00% |
| 24 | 9255 | 473 | 5.11% | 49587 | 89.14% | 8.63% | 1.19% |
| 25 | 8823 | 473 | 5.36% | 55613 | 5.80% | 56.72% | 19.35% |
| 26 | 7438 | 473 | 6.36% | 50599 | 12.21% | 61.49% | 23.57% |
| 27 | 9429 | 473 | 5.02% | 51261 | 46.82% | 16.79% | 30.93% |
| 28 | 6780 | 473 | 6.98% | 48761 | 83.72% | 12.81% | 2.14% |
| 29 | 10603 | 473 | 4.46% | 51206 | 65.94% | 27.00% | 4.78% |
| 30 | 6251 | 473 | 7.57% | 54516 | 3.76% | 74.14% | 19.04% |
| 31 | 5508 | 473 | 8.59% | 57914 | 2.58% | 80.43% | 14.60% |
| 32 | 13487 | 473 | 3.52% | 63515 | 2.69% | 10.60% | 80.23% |
| 33 | 6667 | 473 | 7.09% | 52793 | 3.68% | 54.40% | 31.00% |
| 34 | 14183 | 473 | 3.33% | 48245 | 96.98% | 1.30% | 0.50% |
| 35 | 8786 | 473 | 5.38% | 51005 | 4.40% | 59.10% | 32.21% |
| 36 | 14052 | 473 | 3.37% | 60473 | 5.51% | 32.40% | 57.39% |
| 37 | 8778 | 473 | 5.39% | 51213 | 62.66% | 33.83% | 2.20% |
| 38 | 12256 | 473 | 3.86% | 58810 | 1.40% | 35.94% | 56.68% |
| 39 | 10189 | 473 | 4.64% | 55809 | 3.45% | 32.96% | 42.63% |
| 40 | 8712 | 473 | 5.43% | 53439 | 8.52% | 23.43% | 48.81% |
| 41 | 20109 | 473 | 2.35% | 60020 | 0.99% | 10.24% | 82.00% |
| 42 | 15893 | 473 | 2.98% | 79216 | 5.62% | 5.42% | 72.65% |
| 43 | 14267 | 473 | 3.32% | 56746 | 4.66% | 4.57% | 83.23% |
| 44 | 11129 | 473 | 4.25% | 58097 | 2.95% | 6.41% | 82.54% |
| 45 | 15879 | 473 | 2.98% | 58117 | 1.16% | 23.65% | 65.08% |
| 46 | 13906 | 473 | 3.40% | 53977 | 18.98% | 12.24% | 56.99% |
| 47 | 16877 | 473 | 2.80% | 56565 | 2.73% | 15.27% | 73.83% |
| 48 | 12862 | 473 | 3.68% | 54186 | 16.88% | 13.51% | 53.31% |
| 49 | 9617 | 473 | 4.92% | 52252 | 27.54% | 24.18% | 37.46% |
| 50 | 11487 | 473 | 4.12% | 58458 | 19.14% | 22.75% | 44.96% |

EXHIBIT 4

| WARDS | VOTES FOR ALDERMAN 2011 | % BLACK | % HISPANIC | % WHITE | % ASIAN | Pacific |
|---|---|---|---|---|---|---|
| 1 | 9847 | 4.53% | 34.62% | 54.59% | 4.07% | 0.04% |
| 2 | 14611 | 40.03% | 6.59% | 39.62% | 11.25% | 0.04% |
| 3 | 8928 | 76.72% | 9.17% | 8.60% | 3.72% | 0.01% |
| 4 | 8577 | 69.67% | 3.36% | 16.50% | 7.48% | 0.01% |
| 5 | 11743 | 73.25% | 2.93% | 17.00% | 4.25% | 0.01% |
| 6 | 11744 | 73.25% | 2.93% | 17.00% | 4.25% | 0.02% |
| 7 | 11745 | 73.25% | 2.93% | 17.00% | 4.26% | 0.02% |
| 8 | 11746 | 73.25% | 2.94% | 17.01% | 4.26% | 0.02% |
| 9 | 11010 | 92.33% | 4.84% | 1.61% | 0.05% | 0.01% |
| 10 | 10701 | 18.23% | 62.89% | 17.69% | 0.27% | 0.04% |
| 11 | 11026 | 2.22% | 33.19% | 32.81% | 30.61% | 0.02% |
| 12 | 4872 | 15.63% | 72.12% | 8.01% | 3.78% | 0.00% |
| 13 | 11601 | 3.80% | 71.97% | 22.73% | 0.81% | 0.01% |
| 14 | 5907 | 1.84% | 87.78% | 8.30% | 1.73% | 0.01% |
| 15 | 7059 | 61.31% | 34.41% | 3.12% | 0.22% | 0.00% |
| 16 | 6116 | 56.09% | 40.91% | 1.97% | 0.13% | 0.01% |
| 17 | 9900 | 97.14% | 1.31% | 0.42% | 0.07% | 0.01% |
| 18 | 15442 | 66.41% | 23.58% | 8.52% | 0.43% | 0.00% |
| 19 | 23727 | 26.86% | 5.32% | 65.74% | 0.60% | 0.02% |
| 20 | 7467 | 71.64% | 21.57% | 4.20% | 1.25% | 0.01% |
| 21 | 15376 | 97.62% | 0.97% | 0.32% | 0.04% | 0.01% |
| 22 | 4353 | 4.79% | 92.91% | 1.86% | 0.09% | 0.00% |
| 23 | 16448 | 4.02% | 47.36% | 47.00% | 0.99% | 0.01% |
| 24 | 9255 | 89.14% | 8.63% | 1.19% | 0.16% | 0.01% |
| 25 | 8823 | 5.80% | 56.72% | 19.35% | 16.58% | 0.02% |
| 26 | 7438 | 12.21% | 61.49% | 23.57% | 1.31% | 0.02% |
| 27 | 9429 | 46.82% | 16.79% | 30.93% | 3.71% | 0.03% |
| 28 | 6780 | 83.72% | 12.81% | 2.14% | 0.31% | 0.02% |
| 29 | 10603 | 65.94% | 27.00% | 4.78% | 1.20% | 0.02% |
| 30 | 6251 | 3.76% | 74.14% | 19.04% | 2.01% | 0.02% |
| 31 | 5508 | 2.58% | 80.43% | 14.60% | 1.56% | 0.01% |
| 32 | 13437 | 2.69% | 10.60% | 80.23% | 4.42% | 0.02% |
| 33 | 6667 | 3.68% | 54.40% | 31.00% | 8.50% | 0.03% |
| 34 | 14183 | 96.98% | 1.30% | 0.50% | 0.07% | 0.02% |
| 35 | 8786 | 4.40% | 59.10% | 32.21% | 2.58% | 0.04% |
| 36 | 14052 | 5.51% | 32.40% | 57.39% | 3.44% | 0.01% |
| 37 | 8778 | 62.66% | 33.83% | 2.20% | 0.46% | 0.04% |
| 38 | 12256 | 1.40% | 35.94% | 56.68% | 4.39% | 0.02% |
| 39 | 10189 | 3.45% | 32.96% | 42.63% | 17.57% | 0.05% |
| 40 | 8712 | 8.52% | 23.43% | 48.81% | 16.31% | 0.04% |
| 41 | 20109 | 0.99% | 10.24% | 82.00% | 5.20% | 0.01% |
| 42 | 15893 | 5.62% | 5.42% | 72.65% | 13.99% | 0.04% |
| 43 | 14267 | 4.66% | 4.57% | 83.23% | 5.50% | 0.03% |
| 44 | 11129 | 2.95% | 6.41% | 82.54% | 6.01% | 0.04% |
| 45 | 15879 | 1.16% | 23.65% | 65.08% | 7.85% | 0.03% |
| 46 | 13906 | 18.98% | 12.24% | 56.99% | 9.19% | 0.04% |
| 47 | 16877 | 2.73% | 15.27% | 73.83% | 5.61% | 0.03% |
| 48 | 12862 | 16.88% | 13.51% | 53.31% | 13.36% | 0.02% |
| 49 | 9617 | 27.54% | 24.18% | 37.46% | 7.26% | 0.07% |
| 50 | 11487 | 19.14% | 22.75% | 44.96% | 0.00% | 44.96% |

EXHIBIT 5

| WARD | WARD VOTES IN 2011 ALDERMAN RACE | REQUIREMENT | TOTAL NUMBER OF SIGNTITURES | VARIANCE FROM 473 SIGNTURE REQUIRMENT | VARIANCE from 442 |
|---|---|---|---|---|---|
| 1 | 9847 | 4.00% | 393.88 | 78.12 | 48.12 |
| 2 | 14611 | 4.00% | 584.44 | -112.44 | -142.44 |
| 3 | 8928 | 4.00% | 357.12 | 114.88 | 84.88 |
| 4 | 8577 | 4.00% | 343.08 | 128.92 | 98.92 |
| 5 | 11743 | 4.00% | 469.72 | 2.28 | -27.72 |
| 6 | 11744 | 4.00% | 469.76 | 2.24 | -27.76 |
| 7 | 11745 | 4.00% | 469.8 | 2.2 | -27.8 |
| 8 | 11746 | 4.00% | 469.84 | 2.16 | -27.84 |
| 9 | 11010 | 4.00% | 440.4 | 31.6 | 1.6 |
| 10 | 10701 | 4.00% | 428.04 | 43.96 | 13.96 |
| 11 | 11026 | 4.00% | 441.04 | 30.96 | 0.96 |
| 12 | 4872 | 4.00% | 194.88 | 277.12 | 247.12 |
| 13 | 11601 | 4.00% | 464.04 | 7.96 | -22.04 |
| 14 | 5907 | 4.00% | 236.28 | 235.72 | 205.72 |
| 15 | 7059 | 4.00% | 282.36 | 189.64 | 159.64 |
| 16 | 6116 | 4.00% | 244.64 | 227.36 | 197.36 |
| 17 | 9900 | 4.00% | 396 | 76 | 46 |
| 19 | 15442 | 4.00% | 617.68 | -145.68 | -175.68 |
| 19 | 23727 | 4.00% | 949.08 | -477.08 | -507.08 |
| 20 | 7467 | 4.00% | 298.68 | 173.32 | 143.32 |
| 21 | 15376 | 4.00% | 615.04 | -143.04 | -173.04 |
| 22 | 4353 | 4.00% | 174.12 | 297.88 | 267.88 |
| 23 | 16448 | 4.00% | 657.92 | -185.92 | -215.92 |
| 24 | 9255 | 4.00% | 370.2 | 101.8 | 71.8 |
| 25 | 8823 | 4.00% | 352.92 | 119.08 | 89.08 |
| 26 | 7438 | 4.00% | 297.52 | 174.48 | 144.48 |
| 27 | 9429 | 4.00% | 377.16 | 94.84 | 64.84 |
| 28 | 6780 | 4.00% | 271.2 | 200.8 | 170.8 |
| 29 | 10603 | 4.00% | 424.12 | 47.88 | 17.88 |
| 30 | 6251 | 4.00% | 250.04 | 221.96 | 191.96 |
| 31 | 5508 | 4.00% | 220.32 | 251.68 | 221.68 |
| 32 | 13437 | 4.00% | 537.48 | -65.48 | -95.48 |
| 33 | 6667 | 4.00% | 266.68 | 205.32 | 175.32 |
| 34 | 14183 | 4.00% | 567.32 | -95.32 | -125.32 |
| 35 | 8786 | 4.00% | 351.44 | 120.56 | 90.56 |
| 36 | 14052 | 4.00% | 562.08 | -90.08 | -120.08 |
| 37 | 8778 | 4.00% | 351.12 | 120.88 | 90.88 |
| 38 | 12256 | 4.00% | 490.24 | -18.24 | -48.24 |
| 39 | 10189 | 4.00% | 407.56 | 64.44 | 34.44 |
| 40 | 8712 | 4.00% | 348.48 | 123.52 | 93.52 |
| 41 | 20109 | 4.00% | 804.36 | -332.36 | -362.36 |
| 42 | 15893 | 4.00% | 635.72 | -163.72 | -193.72 |
| 43 | 14267 | 4.00% | 570.68 | -98.68 | -128.68 |
| 44 | 11129 | 4.00% | 445.16 | 26.84 | -3.16 |
| 45 | 15879 | 4.00% | 635.16 | -163.16 | -193.16 |
| 46 | 13906 | 4.00% | 556.24 | -84.24 | -114.24 |
| 47 | 16877 | 4.00% | 675.08 | -203.08 | -233.08 |
| 48 | 12862 | 4.00% | 514.48 | -42.48 | -72.48 |
| 49 | 9617 | 4.00% | 384.68 | 87.32 | 57.32 |
| 50 | 11487 | 4.00% | 459.48 | 12.52 | -17.48 |

EXHIBIT 6

| WARDS | VOTES FOR ALDERMAN 2011 | REQUIRED SIGNITURES | PERCENTAGE OF Singitures | Population | Black | Hispanic | Asain | Pacific | WHITE | % BLACK | % HISPANIC | % WHITE | % ASIAN | Pacific |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 9847 | 473 | 4.80% | 55522 | 2514 | 19219 | 2259 | 24 | 30310 | 4.53% | 34.62% | 54.59% | 4.07% | 0.04% |
| 2 | 14611 | 473 | 3.24% | 69356 | 27762 | 4570 | 7806 | 27 | 27477 | 40.03% | 6.59% | 39.62% | 11.25% | 0.04% |
| 3 | 8928 | 473 | 5.30% | 40512 | 31082 | 3715 | 1508 | 6 | 3486 | 76.72% | 9.17% | 8.60% | 3.72% | 0.01% |
| 4 | 8577 | 473 | 5.51% | 49195 | 34275 | 1653 | 3679 | 6 | 8115 | 69.67% | 3.36% | 16.50% | 7.48% | 0.01% |
| 5 | 11743 | 473 | 4.03% | 46246 | 33874 | 1355 | 1966 | 6 | 7862 | 73.25% | 2.93% | 17.00% | 4.25% | 0.01% |
| 6 | 11744 | 473 | 4.04% | 46247 | 33875 | 1356 | 1967 | 7 | 7863 | 73.25% | 2.93% | 17.00% | 4.25% | 0.02% |
| 7 | 11745 | 475 | 4.04% | 46248 | 33876 | 1357 | 1968 | 8 | 7864 | 73.25% | 2.93% | 17.00% | 4.25% | 0.02% |
| 8 | 11746 | 476 | 4.05% | 46249 | 33877 | 1358 | 1969 | 9 | 7865 | 73.25% | 2.94% | 17.01% | 4.26% | 0.02% |
| 9 | 11010 | 473 | 4.30% | 43530 | 40190 | 2106 | 20 | 3 | 701 | 92.33% | 4.84% | 1.61% | 0.05% | 0.01% |
| 10 | 10701 | 473 | 4.42% | 51899 | 9461 | 32638 | 138 | 22 | 9181 | 18.23% | 62.89% | 17.69% | 0.27% | 0.04% |
| 11 | 11026 | 473 | 4.29% | 55911 | 1244 | 18555 | 17112 | 9 | 18346 | 2.22% | 33.19% | 32.81% | 30.61% | 0.02% |
| 12 | 4872 | 473 | 9.71% | 56024 | 8755 | 40402 | 2115 | 2 | 4488 | 15.63% | 72.12% | 8.01% | 3.78% | 0.00% |
| 13 | 11601 | 473 | 4.08% | 64065 | 2433 | 46110 | 518 | 5 | 14563 | 3.80% | 71.97% | 22.73% | 0.81% | 0.01% |
| 14 | 5907 | 473 | 8.01% | 59913 | 1102 | 52589 | 1036 | 5 | 4973 | 1.84% | 87.78% | 8.30% | 1.73% | 0.01% |
| 15 | 7069 | 473 | 6.70% | 47674 | 29228 | 16403 | 104 | 2 | 1489 | 61.31% | 34.41% | 3.12% | 0.22% | 0.00% |
| 16 | 6116 | 473 | 7.73% | 45920 | 25756 | 18784 | 58 | 4 | 906 | 56.09% | 40.91% | 1.97% | 0.13% | 0.01% |
| 17 | 9900 | 473 | 4.78% | 45902 | 44591 | 603 | 34 | 6 | 193 | 97.14% | 1.31% | 0.42% | 0.07% | 0.01% |
| 18 | 15442 | 473 | 3.06% | 55593 | 36919 | 13108 | 239 | 1 | 4735 | 66.41% | 23.58% | 8.52% | 0.43% | 0.00% |
| 19 | 23727 | 473 | 1.99% | 52647 | 14141 | 2800 | 314 | 12 | 34608 | 26.86% | 5.32% | 65.74% | 0.60% | 0.02% |
| 20 | 7467 | 473 | 6.33% | 49263 | 35290 | 10624 | 617 | 3 | 2067 | 71.64% | 21.57% | 4.20% | 1.25% | 0.01% |
| 21 | 15376 | 473 | 3.08% | 50845 | 49634 | 492 | 20 | 6 | 161 | 97.62% | 0.97% | 0.32% | 0.04% | 0.01% |
| 22 | 4353 | 473 | 10.87% | 50941 | 2442 | 47331 | 47 | 0 | 947 | 4.79% | 92.91% | 1.86% | 0.09% | 0.00% |
| 23 | 16448 | 473 | 2.88% | 58163 | 2336 | 27544 | 576 | 5 | 27337 | 4.02% | 47.36% | 47.00% | 0.99% | 0.01% |
| 24 | 9255 | 473 | 5.11% | 49587 | 44201 | 4279 | 78 | 2 | 589 | 89.14% | 8.63% | 1.19% | 0.16% | 0.00% |
| 25 | 8823 | 473 | 5.36% | 55613 | 3227 | 31545 | 9218 | 11 | 10761 | 5.80% | 56.72% | 19.35% | 16.58% | 0.02% |
| 26 | 7438 | 473 | 6.36% | 50599 | 6180 | 31112 | 663 | 9 | 11928 | 12.21% | 61.49% | 23.57% | 1.31% | 0.02% |
| 27 | 9429 | 473 | 5.02% | 51261 | 23999 | 8606 | 1902 | 14 | 15857 | 46.82% | 16.79% | 30.93% | 3.71% | 0.03% |
| 28 | 6780 | 473 | 6.98% | 48761 | 40823 | 6247 | 149 | 3 | 1044 | 83.72% | 12.81% | 2.14% | 0.31% | 0.01% |
| 29 | 10603 | 473 | 4.46% | 51206 | 33767 | 13825 | 613 | 9 | 2446 | 65.94% | 27.00% | 4.78% | 1.20% | 0.02% |
| 30 | 6251 | 473 | 7.57% | 54516 | 2050 | 40420 | 1095 | 11 | 10378 | 3.76% | 74.14% | 19.04% | 2.01% | 0.02% |
| 31 | 5508 | 473 | 8.59% | 57914 | 1493 | 46580 | 905 | 6 | 8453 | 2.58% | 80.43% | 14.60% | 1.56% | 0.01% |
| 32 | 13437 | 473 | 3.52% | 63515 | 1710 | 6731 | 2806 | 13 | 50955 | 2.69% | 10.60% | 80.23% | 4.42% | 0.02% |
| 33 | 6667 | 473 | 7.09% | 52793 | 1944 | 28722 | 4489 | 14 | 16368 | 3.68% | 54.40% | 31.00% | 8.50% | 0.03% |
| 34 | 14188 | 473 | 3.33% | 48245 | 46787 | 626 | 36 | 9 | 242 | 96.98% | 1.30% | 0.50% | 0.07% | 0.02% |
| 35 | 8786 | 473 | 5.38% | 51005 | 2246 | 30146 | 1318 | 20 | 16428 | 4.40% | 59.10% | 32.21% | 2.58% | 0.04% |
| 36 | 14052 | 473 | 3.37% | 60473 | 3330 | 19594 | 2082 | 6 | 34705 | 5.51% | 32.40% | 57.39% | 3.44% | 0.01% |
| 37 | 8778 | 473 | 5.39% | 51213 | 32091 | 17323 | 237 | 21 | 1127 | 62.66% | 33.83% | 2.20% | 0.46% | 0.04% |
| 38 | 12256 | 473 | 3.86% | 58810 | 825 | 21137 | 2580 | 13 | 33332 | 1.40% | 35.94% | 56.68% | 4.39% | 0.02% |
| 39 | 10189 | 473 | 4.64% | 55809 | 1925 | 18395 | 9807 | 28 | 23789 | 3.45% | 32.96% | 42.63% | 17.57% | 0.05% |
| 40 | 8712 | 473 | 5.43% | 53439 | 4553 | 12522 | 8715 | 19 | 26083 | 8.52% | 23.43% | 48.81% | 16.31% | 0.04% |
| 41 | 20109 | 473 | 2.35% | 60020 | 594 | 6147 | 3124 | 6 | 49217 | 0.99% | 10.24% | 82.00% | 5.20% | 0.01% |
| 42 | 15893 | 473 | 2.98% | 79216 | 4451 | 4294 | 11080 | 28 | 57550 | 5.62% | 5.42% | 72.65% | 13.99% | 0.04% |
| 43 | 14287 | 473 | 3.32% | 56746 | 2647 | 2592 | 3121 | 17 | 47231 | 4.66% | 4.57% | 83.23% | 5.50% | 0.03% |
| 44 | 11129 | 473 | 4.25% | 58097 | 1711 | 3722 | 3491 | 26 | 47953 | 2.95% | 6.41% | 82.54% | 6.01% | 0.04% |
| 45 | 15879 | 473 | 2.98% | 58117 | 674 | 13746 | 4563 | 16 | 37825 | 1.16% | 23.65% | 65.08% | 7.85% | 0.03% |
| 46 | 13906 | 473 | 3.40% | 53977 | 10244 | 6607 | 4962 | 19 | 30761 | 18.98% | 12.24% | 56.99% | 9.19% | 0.04% |
| 47 | 16877 | 473 | 2.80% | 56565 | 1547 | 8638 | 3173 | 19 | 41762 | 2.73% | 15.27% | 73.83% | 5.61% | 0.03% |
| 48 | 12862 | 473 | 3.68% | 54186 | 9145 | 7318 | 7237 | 12 | 28889 | 16.88% | 13.51% | 53.31% | 13.36% | 0.02% |
| 49 | 9617 | 473 | 4.92% | 52252 | 14389 | 12635 | 3794 | 35 | 19572 | 27.54% | 24.18% | 37.46% | 7.26% | 0.07% |
| 50 | 11487 | 473 | 4.12% | 58458 | 11189 | 13302 | 1 | 26282 | 26282 | 19.14% | 22.75% | 44.96% | 0.00% | 44.96% |