IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT ROSE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 382 |
| | ) | |
| BOARD OF ELECTION | ) | Judge St. Eve |
| COMMISSIONERS FOR THE CITY OF | ) | |
| CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**

The defendant, the State of Illinois, by its attorney, Lisa Madigan, Attorney General of Illinois, moves the Court to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

In support of this motion, defendant states as follows:

1. Plaintiff was a candidate for the position of alderman of the Seventh Ward in Chicago. Plaintiff sought to have his name listed as a candidate for that office in the February 24, 2015, election. After a hearing conducted by the Chicago Board of Elections, it was determined that he failed to submit the number of petition signatures required to gain access to the ballot, and he was not allowed on the ballot.

2. Plaintiff sought judicial review of the Board decision in the Circuit Court of Cook County, which on February 3, 2015, rejected his constitutional claims that the signature threshold was too high. Plaintiff did not appeal that decision.

1

3. This case should be dismissed. The State of Illinois is not a proper party to this suit as a defendant. It has an Eleventh Amendment immunity from suit from all claims brought under 42 U.S.C. § 1983. Moreover, the State is not a "person" subject to suit under section 1983. This ground is applicable to Counts 3-6 of the amended complaint.

4. Counts 1 and 2 of the amended complaint are brought under the Voting Rights Act, specifically 52 U.S.C.§ 10301 and § 10101. These statutes secure the rights of voters. As an unsuccessful candidate, plaintiff lacks standing to sue under these statutes.

5. The judgment of the Circuit Court of Cook County was a final decision on the merits of all the claims plaintiff has raised in this case. Principles of claim preclusion (res judicata) bar this claim. 28 U.S.C. § 1738.

6. On the merits, the signature requirement imposed by the challenged statute, 65 ILCS 20/21-28(a), is constitutional. The 4% requirement, for this election 473 signatures applicable to all 50 Chicago wards after a remap following a census, is well within acceptable constitutional limits.

A memorandum of law is submitted in support of this motion. Defendant requests that the complaint be dismissed with prejudice.

                                        Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois            By:    s/Thomas Ioppolo
                                                      THOMAS A. IOPPOLO
                                                      Assistant Attorney General
                                                      General Law Bureau
                                                      100 W. Randolph Street, 13th Fl.
                                                      Chicago, Illinois 60601
                                                      (312) 814-7198