IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VINCENT ROSE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 15-cv-000382 |
| BOARD OF ELECTION COMMISSIONERS FOR THE CITY OF CHICAGO, et al., | ) ) Judge Amy St. Eve ) ) |
| Defendants. | ) |

**BOARD OF ELECTION COMMISSIONERS FOR THE CITY OF CHICAGO'S
RULE 12(b)(6) MOTION TO DISMISS**

Defendants Board of Election Commissioners for the City of Chicago, Langdon D. Neal, Richard A. Cowen and Marisel A. Hernandez (collectively the "Board"), by their attorneys James M. Scanlon & Associates, P.C., pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss with prejudice Plaintiff's First Amended Complaint for Relief for failure to state a claim for which relief can be granted under the doctrine of res judicata. In support thereof, Defendants state as follows:

1. Plaintiff Rose challenges the constitutionality of an Illinois statute – 65 ILCS 20/21-28(a) – prescribing the minimum number of signatures required on nominating petitions for candidates for the office of Alderman of the 7th Ward of the City of Chicago at the February 24, 2015 Municipal General Election in the city of Chicago.

2. On November 18, 2014, Plaintiff Vincent Rose filed with Defendant Board of Election Commissioners for the City of Chicago (the "Board") his nomination papers, including nominating petitions, seeking to be placed on the ballot as a candidate for Alderman of the 7th Ward of the City of Chicago in the municipal general election to be held on February 24, 2015. A copy of his nomination papers is attached hereto as Exhibit 1.

1

3. Rose's nomination paper were met with two objections from registered voters in the 7th Ward. See, 10 ILCS 5/10-8. Both objections alleged that Rose did not meet the signature requirements for candidate petitions for Alderman of the 7th Ward and did not qualify to appear on the ballot.

4. In one case (15-EB-ALD-109, Chicago Electoral Bd. Jan. 15, 2015), the Board, acting as the duly constituted Electoral Board (see, 10 ILCS 5/10-9(6)), found that Rose's petitions contained 1,076 purportedly valid signatures of legal voters of the 7th Ward. However, objections to 662 of those signatures were sustained, leaving Rose with only 414 valid signatures, below the minimum signature requirement of 473. See, Exhibit 2.

5. In the other case (15-EB-ALD-163, Chicago Electoral Bd. Jan. 15, 2015), the hearing officer concluded that twelve of Rose' petition sheets – sheets 41 through 46, 48, 50, and 52 through 55 – which were purportedly circulated by Rose, contained signatures "either entirely or substantially of common authorship" that exhibited evidence of a pattern of fraud and false swearing sufficient to warrant striking all petition sheets circulated by Rose. The hearing officer found other problems as well with Rose's nominating petition sheets, but ultimately concluded that the outcome in 15-EB-ALD-109, which found Rose's nomination papers invalid, was controlling. See, Exhibit 3.

6. On January 20, 2015, Rose filed for judicial review of the Board's decisions in both cases with the Circuit Court of Cook County, Illinois, pursuant to 10 ILCS 5/10-10.1. These cases were consolidated for hearing. Rose's principal claim was that the Illinois statute found at 65 ILCS 20/21-28(a) requiring that candidates for the office of Alderman in the City of Chicago for the February 24, 2015 election, the first election following the 2012 redistricting of wards in Chicago, present nominating petitions signed by a number of legal voters of the ward

not less than 4% of the number of votes for mayor at the last preceding municipal election divided by the number of wards is unconstitutional and violates federal law. Specifically, Plaintiff Rose alleged that he was wrongfully denied access to the February 24, 2015 aldermanic election ballot in the 7th Ward of the City of Chicago because 65 ILCS 20/21-28(a) violates sections 52 U.S.C.A. § 10301 (formerly 42 U.S.C. § 1973) and 52 U.S.C.A. § 10101 (formerly 42 U.S.C. § 1971) of the Voting Rights Act. Rose also claimed that the 4% signature requirement violated his right to free speech and freedom of association under the First Amendment to the U.S. Constitution and well as the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Rose also brought a secondary claim alleging that he was not provided a hearing in a meaningful time and manner in violation of the Due Process Clause.

7. On February 3, 2015, the Circuit Court of Cook County entered judgment on the merits denying the petitions for judicial review and affirming the decisions of the Board. See, Exhibit 4. In so holding, the court considered and rejected all of the same constitutional claims raised in the instant case before this Court.

8. Rose did not file a timely notice of appeal within 30 days as required by Illinois Supreme Court Rule 303(a)(1). Hence the February 3, 2015 judgment of the Circuit Court of Cook County constitutes a final judgment on the merits. Rose's name was not printed on the ballot for the February 24, 2015 election in the 7th Ward.

9. Plaintiff seeks to stay the April 7 runoff election in the 7th Ward and seeks an order directing the Board to place Plaintiff's name on the April 7 supplementary election ballot.

10. Res judicata provides for the finality of rulings by barring the relitigation of claims or defenses that had been or could have been brought in a prior case. *See, Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). Under the Full Faith and Credit Act,

federal courts give state court judgments the same preclusive effect they would have in state court. 28 U.S.C. § 1738; *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002). Because the underlying judgment in this case was issued by an Illinois state court, its preclusive effect is governed by Illinois law. *See*, *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996); *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006).

11. In Illinois, res judicata applies if: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies. " *River Park Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998); *Empress Casino Joliet Corp. v. Johnson*, 763 F.3d 723, 727-28 (7th Cir. 2014). The party against whom res judicata is invoked must have a "full and fair" opportunity to litigate the claim in the prior suit. *Hicks*, 479 F.3d at 471.

12. Here, pursuant to Illinois statute (10 ILCS 5/10-10.1), the Circuit Court of Cook County, Illinois entered judgment on the merits denying the petitions for judicial review and affirming the decisions of the Board.

13. Rose did not file a timely notice of appeal within 30 days as required by Illinois Supreme Court Rule 303(a)(1). Hence the February 3, 2015 judgment of the Circuit Court of Cook County constitutes a final judgment on the merits.

14. In its February 3, 2015 judgment, the Circuit Court of Cook County considered and rejected *all* of the same constitutional claims raised in the instant case before this Court. Plaintiff had a full and fair opportunity to litigate and did, in fact, litigate in the Illinois court all of the federal claims he now attempts to litigate in the instant action. Therefore, there is identity of a cause of action such that the second requirement for invoking res judicata is satisfied and such action and claims are barred.

4

15. The third requirement of res judicata, the identity of parties or their privies, is clearly satisfied in this case. Vincent Rose was the plaintiff in the State court actions and he is the Plaintiff in this cause as well. Defendants Board of Election Commissioners for the City of Chicago, and Commissioners, Langdon D. Neal, Richard A. Cowen and Marisel A. Hernandez are defendants in both cases. The State of Illinois, by Lisa Madigan, Attorney General, is named as defendant in both cases.

For the reasons set forth in this motion and in the separately filed memorandum of law in support of the motion, Defendants Board of Election Commissioners for the City of Chicago, Langdon D. Neal, Richard A. Cowen and Marisel A. Hernandez respectfully request that this Court dismiss with prejudice Plaintiff's First Amended Complaint for Relief.

    Respectfully submitted,

    City of Chicago Board of Election Commissioners,
    Langdon D. Neal, Marisel A. Hernandez, and Richard A.
    Cowen, Defendants

    By:     /s/ James M. Scanlon
            Their attorney

James M. Scanlon
James M. Scanlon & Associates, P.C.
27 N. Wacker Dr. #502
Chicago, IL 60606
Tel. (312) 782-8163