NO. 15CV00382

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT

Vincent Rose
Plaintiff

v.

The Board of Election Commissioners for the City of Chicago,
Langdon D. Neal, Chairman,
Richard A. Cowen, Secretary/Commissioner and
Marisel A. Hernandez Commissioner Defendant
The State of Illinois by Lisa Madigan Attorney General
Defendants

The Honorable Judge Honorable Amy J. St. Eve.
Designated as Magistrate Judge the Honorable Michael T. Mason

PLAINTIFF'S REPLY TO ALL DEFENDANT'S MOTION TO DISMISS IN
OPPOSITION TO PLAINTIFF'S INUNCTION AND MEMORANDUMS

Attorney For Plaintiff
Ilia Usharovich, Attorney
224 South Milwaukee Avenue Suite G
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Email:Ilia@usharolaw.com

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Vincent Rose<br>Plaintiff<br>v.<br>The Board of Election Commissioners<br>for the City of Chicago,<br>Langdon D. Neal, Chairman,<br>Richard A. Cowen,<br>Secretary/Commissioner and<br>Marisel A. Hernandez Commissioner<br>AND, the State of Illinois<br>Defendants | NO. 15CV00382<br><br>The Honorable Judge<br>Honorable Amy J. St. Eve.<br><br>Designated as Magistrate<br>Judge the Honorable<br>Michael T. Mason |

PLAINTIFF'S REPLY TO DEFENDANT'S STATE OF ILLINOIS MOTION TO DISMISS IN OPPOSITION TO PLAINTIFF'S INUNCTION

I. The "State Of Illinois" Is A Proper Defendant To This Case.

The Defendant State of Illinois is a proper Defendant in this cause of action. The Defendant State of Illinois asserts that "No state official is involved in the case and no joinder of the State or a state official is required for plaintiff's claim to proceed against the local governmental body. The proper procedure when a suit is brought challenging the constitutionality of a state law which does not involve a state official as a proper defendant is set forth in 28 U.S.C. § 2403(b)" which provides

> "In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality." 28 U.S.C.A. § 2403 (West)

This is an action in the United States District Court for the Northern District of Illinois. The State is party to this cause of action. Furthermore, The Defendant board and City boards of election commissioners are not extensions of the City clerk's office, Nor the City of Chicago, nor of the County of Cook, rather they are administrative arms of the State and independent bodies, created by statute, and possessing only that authority granted to them by the legislature. See *Redmond v. Novak*, 86 Ill. 2d 374, 383, 427 N.E.2d 53, 58 (1981). *Delgado v. Bd. of Election Com'rs of City of Chicago*, 224 Ill. 2d 481, 485, 865 N.E.2d 183, 186 (2007). Where a municipal elective office is created by state statute, it is wholly within the power of the legislature to prescribe the qualifications for that office, and a municipality lacks authority to alter or add to those qualifications, unless such changes are accomplished as permitted by statute. *Bocanegra v. City of Chicago Electoral Bd.*, 2011 IL App (1st) 110424, 954 N.E.2d 859

As such, Defendant State of Illinois's reliance on 28 U.S.C. § 2403(b) is not relevant to this matter. Defendant State of Illinois's then asserts that, "it is not correct, as plaintiffs appeared to assert in court on March 11, 2015, that the State of Illinois or the Attorney General is the only proper party that can defend the constitutionality of a state statute." In fact, the Illinois attorney general is the proper defender of a state statute. See *United States v. Bd. of Educ. of City of Chicago*, 11 F.3d 668, 671 (7th Cir. 1993). Especially since the Board has no authority to pass the statutes and set the requirements. *Jones v. Edgar*, 3 F. Supp. 2d 979 (C.D. Ill. 1998)

It is important to note that "As the chief legal officer of the state, the Attorney General's authority is derived from the Illinois Constitution (Ill. Const.1970, art. V, § 15). [Citations Omitted]. The duties of the Attorney General are prescribed by law and

3

include those powers traditionally held at common law. [Citations Omitted]. Only the Attorney General is empowered to represent the state in litigation where the state is the real party in interest." *Lyons v. Ryan*, 201 Ill. 2d 529, 541, 780 N.E.2d 1098, 1105-06 (2002).

Defendant State of Illinois is the real Party in interest in that it the Relief or Judgment in favor of Plaintiff would operate against the sovereign, would require the State of Illinois to Take official affirmative action, affect the public administration of government agencies and cause as well the disposition of property admittedly belonging to the State of Illinois. See *State of Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S. Ct. 1052, 1053, 10 L. Ed. 2d 191 (1963)]. Defendant State of Illinois also argues that the Eleventh Amendment bars a suit against state officials but such amendment is only applicable when the state is the real, substantial party in interest. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984). As, such it is clear the State of Illinois is the real party in interest and "only the Attorney General is empowered to represent the state in litigation where the state is the real party in interest." *Lyons v. Ryan*, 201 Ill. 2d 529, 541, 780 N.E.2d 1098, 1105-06 (2002).

Lastly, The Attorney General is the legal representative of the State, and no officer, board, commission or department can legally authorize the employment of an attorney. See *Dunlop v. State*, 3 Ill. Ct. Cl. 107 (1917). In fact, the Attorney General has common-law duty to protect public purse as matter of general welfare. *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill. 2d 473, 607 N.E.2d 165 (1992). Counsel

Scanlon is not authorized as a matter of law to represent the board and the commissioners.

Defendant State of Illinois next asserts that, "The Eleventh Amendment bars suit against the State unless there has been a waiver by the state of its Eleventh Amendment immunity or Congress has abrogated it clearly and unequivocally." "Research discloses, however, that there are many exceptions to this literal statement, and that by a long line of consistent decisions of both the Supreme Court and inferior courts, a citizen's challenge to a state statute on the grounds that it is, either on its face or in its enforcement, in violation of the Constitution of the United States is not barred by the Eleventh Amendment. [Citations Omitted]. On the basis of established precedent this Court's jurisdiction in this case is not subject to an Eleventh Amendment restraint." *Stevenson v. State Bd. of Elections*, 638 F. Supp. 547, 549 (N.D. Ill. 1986) *aff'd sub nom. Stevenson v. State Bd. of Elections*, 794 F.2d 1176 (7th Cir. 1986).

But, even when properly raised, sovereign immunity is not absolute Immunity. There are three other exceptions to this defense that may subject a state to an action in federal court: (1) where Congress, acting under its constitutional authority conveyed by amendments passed after the Eleventh Amendment (the most common being the Fourteenth Amendment), abrogates a state's immunity from suit; (2) where the state itself consents to being sued in federal court; and (3) under the doctrine articulated by the Supreme Court in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Id. at 371. Council 31 of the Am. Fed'n of State, County & Mun. Employees, AFL-CIO v. Quinn, 680 F.3d 875, 882 (7th Cir. 2012).

Additionally, Relief that serves directly to bring end to present violation of federal law is not barred by Eleventh Amendment even though unaccompanied by substantial ancillary effect on state treasury. Papasan v. Allain, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

Defendant is correct, "It would not apply to Counts 1 and 2, the Voting Rights Act claims, because Congress has abrogated the Eleventh Amendment for those claims. Katzenbach v. Morgan, 384 U.S. 641, 648-650 (1966). However, Defendant is incorrect in that it applies to the remaining counts since "a citizen's challenge to a state statute on the grounds that it is, either on its face or in its enforcement, in violation of the Constitution of the United States is not barred by the Eleventh Amendment." *Stevenson v. State Bd. of Elections*, 638 F. Supp. 547, 549 (N.D. Ill. 1986) *aff'd sub nom. Stevenson v. State Bd. of Elections*, 794 F.2d 1176 (7th Cir. 1986)

Plaintiff asserts that an analysis of the legislative history of the Civil Rights Acts compels the conclusion that Congress intended States to be persons to whom § 1983 applies. States, and local government therefore can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the State. "Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution States like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental

"custom". "Congress included customs and usages [in § 1983] because of the persistent and widespread discriminatory **practices of state officials** . . . . Although not authorized by written law, such practices **of state officials** could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."[5] *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978) As such Congress did intend States to be held liable when such action occurred pursuant to official State policy or Some Statute of some nature and caused a constitutional Deprivation. As such the State can be held liable under 1983 for the passage and enforcement of invalid statutes.

Furthermore, while Congress, acting under its constitutional authority did not convey by amendments passed after the Eleventh Amendment (the most common being the Fourteenth Amendment) abrogates a state's immunity from suit under 1983; nor did the state itself consents to being sued in federal court, under the doctrine articulated by the Supreme Court in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Id. at 371. Council 31 of the Am. Fed'n of State, County & Mun. Employees, AFL-CIO v. Quinn, 680 F.3d 875, 882 (7th Cir. 2012), the Doctrine of *Stevenson v. State Bd. of Elections*, 638 F. Supp. 547, 549 (N.D. Ill. 1986) *aff'd sub nom. Stevenson v. State Bd. of Elections*, 794 F.2d 1176 (7th Cir. 1986), Papasan v. Allain, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986), and the continuing injury doctrine all Defendant's in this matter are subject to 1983 liability and all counts are valid.

II.     PLAINTIFF DOES NOT LACK STANDING TO SUE UNDER THE VOTING RIGHTS ACT.

Defendant next asserts that, "An unsuccessful candidate challenging election results does not have standing to sue under the Voting Rights Act. Roberts v. Wamser, 883 F.2d 617, 621 (8th Cir. 1989); White-Battle v. Democratic Party of Virginia, 323 F.Supp.2d 696, 702-03 (E.D. Va. 2004); McGee v. Warrenville Heights, 16 F.Supp.2d 837, 845-46 (N.D. Ohio 1998); Oh v. Philadelphia County Board of Elections, 2008 WL 4787583 at *7 (E.D. Pa. 2008).

This assertion and the citations in support are irrelevant since Plaintiff is not simply challenging the election results but rather he is challenging the Constitutionality of the law conducting the elections, the law conducting the future elections set on April 7th, 2015, the Entire validity of the current law, and the new amendment to the law passed by the General Assembly, as evidence in his request for relief in the complaint. "An action to contest the results of an election is not the same as an action to contest the validity of an election. *Ross v. Kozubowski,* 182 Ill.App.3d 687, 694, 131 Ill.Dec. 248, 538 N.E.2d 623, 628 (1989). An action to contest the validity of an election centers upon whether the election was valid or invalid, irrespective of the result of the votes cast." *Andrews v. Powell*, 365 Ill. App. 3d 513, 518, 848 N.E.2d 243, 248 (Ill. App. Ct. 4th Dist. 2006)

Thus, his challenge is not simply as a candidate for future, current, and past elections but also as a voter challenging the Statute at issue. Additionally, "Originally, the Voting Rights Act expressly conferred standing only upon the Attorney General. However, in *Allen v. State Board of Elections,* 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1

8

(1969), the Supreme Court recognized that a private litigant attempting to protect his right to vote was a proper party to effectuate the goals of the Act, and therefore granted standing to aggrieved voters "seek[ing] judicial enforcement of the prohibition" against the infringement of the right to vote on account of race. [Citations Omitted]. In recognition of the Supreme Court's holding in *Allen,* Congress amended the Voting Rights Act in 1975 to reflect the standing of "aggrieved persons" to enforce their right to vote. See *Roberts v. Wamser*, 883 F.2d 617, 621 (8th Cir. 1989). Plaintiff will be voting on April 7th, 2015 in the 7th ward where he resides. Plaintiff Vincent Rose alleged in his complaint that he is a natural person whom resides at 7425 S. South Shore, Chicago, Illinois 60649 and that he is "running for office" and is a voter of the City of Chicago. As such he is not only brining this cause as a candidate but also as an aggrieved voter.

Lastly, it is well-settled that "[t]he impact of candidate eligibility requirements on voters implicates basic constitutional rights" to associate politically with like-minded voters and to cast a meaningful vote." Stone v. Bd. of Election Comm'rs for City of Chicago, 750 F.3d 678, 681 (7th Cir. 2014). As such the Voting rights act must protect voters and candidates based on this necessary symbiotic relationship between voters and candidates as a matter of law and interpretation.

III. **PLAINTIFF'S IS NOT PRECLUDED FROM LITIGATING THIS CLAIMS IN FEDERAL COURT.**

Defendant asserts that Under 28 U.S.C. § 1738, a federal court must give full faith and credit to the judgments of the state court. That is, a federal court must apply the same preclusive effect to a state court judgment that a state court would. This general

principle applies in civil rights cases as any other. Allen v. McCurry, 449 U.S. 90, 104-05 (1980). Defendant also cites to numerous decisions which applied res udicata after Illinois courts ruled on the merits in an administrative review case, as to claims that were raised or could have been raised in the state case. However, Defendant is incorrect.

Appeals involving issues with election commissioners and candidates are to be dismissed as moot where such election had already been held. See *Lyle v. McKinlay*, 229 Ill. App. 349 (Ill. App. Ct. 1st Dist. 1923). In deciding whether it would be fair to apply issue preclusion, courts may consider whether the parties were true adversaries and whether the party against whom preclusion is sought was unable, as a matter of law, to appeal the judgment in the initial action. See *Cirro,* 153 Ill.2d at 21–22, 178 Ill.Dec. 750, 605 N.E.2d 544. The Trial Court entered an order on February 3rd, 2015. On February 24th, the election was had and thus, Plaintiff as a candidate had no legal ability to review the matter in that it was now moot prior to the expiration time for his appeal. Furthermore, the law provides that "No answer to the petition need be filed, but the electoral board shall cause the record of proceedings before the electoral board to be filed with the clerk of the court on or before the date of the hearing on the petition or as ordered by the court." 10 ILCS 5/10-10.1. As such the parties were not true adversaries in that the Board is only required to file the record and is not an actual ligtiant. *People v. Weilmuenster*, 283 Ill. App. 3d 613, 623, 670 N.E.2d 802, 808 (Ill. App. Ct. 2d Dist. 1996)

Even where all the usual pleading elements of the doctrine are met, collateral estoppel will not be applied where an injustice would result or when the party against whom the estoppel is asserted did not have a full and fair opportunity and an incentive to litigate the issue in the prior proceeding (*Bulfin v. Eli Lilly & Co.,* 244 Ill.App.3d 785, 788, 790–91, 185 Ill.Dec. 269, 614 N.E.2d 403 (1993)) or where relitigation of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts (*People v. Filitti,* 190 Ill.App.3d 884, 886, 138 Ill.Dec. 87, 546 N.E.2d 1142 (1989)). *People v. Weilmuenster*, 283 Ill. App. 3d 613, 623, 670 N.E.2d 802, 808 (Ill. App. Ct. 2d Dist. 1996). Thus, where the technical requirements of res judicata have been established, a court may nonetheless refuse to apply the doctrine. This court does not adhere to a rigid view of the doctrine in the administrative context: The sound view is therefore to use the doctrine of res judicata when the reasons for it are present in full force, to modify it when modification is needed, and to reject it when the reasons against it outweigh those in its favor." *Int'l Harvester Co. v. Occupational Safety & Health Review Comm'n*, 628 F.2d 982, 986 (7th Cir. 1980). This case presents such public policies. Acceptance of the Governments res judicata argument would mean that the Government could continue to violate the constitution in further elections not litigated prior to. Such a position would undercut the important public policies embodied in the Acts protecting voting rights and is inconsistent with the doctrine of res judicata as well. See *Int'l Harvester Co. v. Occupational Safety & Health Review Comm'n*, 628 F.2d 982, 986 (7th Cir. 1980). Furthermore,

Plaintiff did not have a full and fair opportunity to litigate the issue in the earlier proceeding. Specifically, The Electoral board as an administrative agency that has no authority to declare statutes unconstitutional or even to question their validity. See Bd. of Educ. of Peoria Sch. Dist. No. 150 v. Peoria Fed'n of Support Staff, Sec./Policeman's Benev. & Protective Ass'n Unit, 2013 IL 114853, ¶ 38, 998 N.E.2d 36, 47 However, since the Failure to raise an issue before an administrative body—even a question of constitutional due process rights—waives the issue for review. Lehmann v. Dep't of Children & Family Servs., 342 Ill. App. 3d 1069, 1078, 796 N.E.2d 1165, 1172 (2003). The proper and only method to raise an issue is by objecting in the record with the constitutional basis. No Discovery on the issue is allowed and arguments are not allowed to be developed or litigated before the board, only briefly preserved. Illinois courts do not have general jurisdiction over election cases, but may only review them pursuant to statute. S.H.A. 10 ILCS 5/10–10.1. *Bettis v. Marsaglia*, 2013 IL App (4th) 130145 *appeal allowed,* 117050, 2014 WL 504859 (Ill. Jan. 29, 2014) and *rev'd,* 2014 IL 117050  Judicial review of an electoral board decision cannot exceed the record made before it. Wiseman v. Elward, 5 Ill.App.3d 249, 283 N.E.2d 282. T

*Waupoose v. Kusper*, 8 Ill. App. 3d 668, 674, 290 N.E.2d 903, 907 (Ill. App. Ct. 1st Dist. 1972). "The use of the phrase "judicial review," the legislature did not intend to vest a circuit court with jurisdiction to conduct a *de novo* hearing into the validity of a candidate's nomination papers. Rather, the statute manifests the legislative intent that judicial review of discrepancies in nomination papers is limited to, and must not exceed, a board's record." *Cinkus v. Vill. of Stickney Mun. Officers Electoral Bd.*, 228 Ill. 2d 200, 209, 886 N.E.2d 1011, 1017 (2008), *as modified (Apr. 23, 2008).* The

Plaintiff did not receive the full and fair opportunity to litigate these matters and the procedures are such that preclusion should not be applied.

Furthermore, Collateral estoppel is a doctrine of equity and it will be avoided when its application results in manifest injustice. *Benton v. Smith,* 157 Ill.App.3d 847, 510 N.E.2d 952, 957–58, 109 Ill.Dec. 884 (1st Dist.1987). Plaintiff asserts their will be a manifest injustice, if there are "peculiar circumstances" or if additional evidence is discovered, a court should not invoke collateral estoppel. *People v. Armstrong,* 56 Ill.2d 159, 306 N.E.2d 14, 15 (Ill.1973). *Toro v. Gainer*, 370 F. Supp. 2d 736, 739 (N.D. Ill. 2005).

In addition, even where the core requirements of issue preclusion are met, an exception to the general rule may apply when a "change in [the] applicable legal context" intervenes. *Bobby v. Bies*, 556 U.S. 825, 834, 129 S. Ct. 2145, 2152, 173 L. Ed. 2d 1173 (2009) or new facts and circumstances that did not exists that the time. As such, the Doctrine of claim preclusion does not bar a party from asserting claims that could not have been raised in a previous proceeding. This proceeding is challenging a new election and the amendment of the law. Furthermore, Plaintiff could not assert these claims as voter during the proceedings because the Court did not have subject matter jurisdiction.

Also, The doctrine of res judicata does not bar a claim if a court would not have had subject matter jurisdiction to decide that claim in the first suit involving the same cause of action. The Circuit court had no jurisdiction to decide the voting rights claims since they are exclusively before the District Court.

Lastly, when a law is changed between two causes of action on the same subject matter, there is no danger of repetitive litigation and the change in law renders the doctrines of res judicata or collateral estoppel inapplicable. *Gallaher v. Hasbrouk*, 2013 IL App (1st) 122969. The law at issue has been changed between the two causes of action.

IV. THE SIGNATURE REQUIREMENTS NEEDED TO OBTAIN BALLOT ACCESS FOR THE OFFICE OF ALDERMAN ARE CONSTITUTIONAL.

Plaintiff recites to and incorporates all his allegations in his amended complaint and motion for injunction in that they have addressed the issues presented by defendant in this claim.

V. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED.

The Government suffers no harm in being enjoined from enforcing an unconstitional law and the publics best interest is served by removing unconstitutional laws,

WHEREFORE, Plaintiff requests this Honorable Court for the Following Relief:
1. Ordering A Stay on the April 7th, 2015 Run-Off Elections for the all wards including the 7th ward, until Plaintiff's name be placed on the ballot prior to the run-off election
2. Damages in excess of $100,000.00
3. Attorney's Fees and Costs
4. Invalidation of 65 ILCS 20/21-28 and the setting of a new standard for elections

    /S/ Ilia Usharovich
Attorney For Plaintiff
Ilia Usharovich, Attorney
224 South Milwaukee Avenue Suite G
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Email:Ilia@usharolaw.com