CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# In the
# United States Court of Appeals
# For the Seventh Circuit

No. 15-1931

VINCENT ROSE,

                    *Plaintiff-Appellant*,

v.

BOARD OF ELECTION COMMISSIONERS FOR THE CITY OF CHICAGO, et al.,

                    *Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:15-cv-00382 — **Amy J. St. Eve**, *Judge*.

_____

ARGUED JANUARY 20, 2016 — DECIDED MARCH 10, 2016

_____

Before WOOD, *Chief Judge*, and MANION and ROVNER, *Circuit Judges*.

MANION, *Circuit Judge*. Vincent Rose sued the state of Illinois and the Chicago Board of Election Commissioners after the Board refused to put Rose's name on the ballot for a local government election in 2015. The district court dismissed Rose's amended complaint because an Illinois state court had already adjudicated an identical cause of action brought

Case: 1:15-cv-00382 Document #: 37 Filed: 04/01/16 Page 2 of 9 PageID #:600
Case: 15-1931　　Document: 00712781236　　Filed: 03/10/2016　　Pages: 9

2                                                              No. 15-1931

by Rose against the same defendants. Rose now appeals the district court's dismissal of his federal action. We affirm.

## I. BACKGROUND

In 2015 Rose submitted nomination petitions for the office of alderman in Chicago's 7th Ward. Pursuant to Illinois statute, candidates for the 2015 alderman elections were required to obtain 473 valid signatures on their petitions for nomination in order to be placed on the ballot. *See* 65 ILCS 20/21-28(a) (2013) (amended 2015).[1] Several individuals objected to Rose's nomination papers, and the Board conducted a records examination and a hearing for each objection. The Board concluded that Rose had only submitted 414 valid signatures, short of the required 473. Accordingly, on January 15, 2015, the Board ruled that Rose's name would not be placed on the official ballot for the February 24, 2015 general alderman election.

Rose then filed petitions for judicial review of the Board's decision in the Circuit Court of Cook County. Rose's petitions for judicial review challenged the validity of the Illinois statute imposing the four-percent signature requirement for aldermanic elections, as well as the Board's enforcement of the statute in excluding his name from the ballot for the general election to be held on February 24, 2015. In particular, Rose claimed that the statute and the Board's conduct in reliance upon it violated the First Amendment, the Equal Pro-

---

[1] Under the statute in effect during the 2015 elections, the number of valid signatures (473) was reached by taking four percent of the total number of votes cast for city mayor at the last mayoral election, and dividing that number by fifty (the total number of wards in Chicago). *See* 65 ILCS 20/21-28(a) (2013) (amended 2015).

No. 15-1931 3

tection Clause, and the Due Process Clause of the state and federal constitutions. He also filed an amended memorandum of law setting out additional theories of liability under the Illinois constitution and federal Voting Rights Act.

On February 3, 2015, the Circuit Court of Cook County issued a written decision denying Rose's petitions for judicial review and affirming the Board of Elections' January 15 decision not to place Rose's name on the ballot. The court also rejected the additional arguments made by Rose in his amended memorandum of law. Rose did not appeal the Circuit Court's decision, and he was not listed as a candidate on the official ballot for the February 24, 2015 alderman election.

Meanwhile, Rose filed a substantively identical action in federal district court, followed by an amended complaint submitted shortly after his state action was dismissed. Like his petitions for judicial review, Rose's amended complaint challenged (1) the validity of Illinois's statutory four-percent signature requirement for the 2015 alderman elections, and (2) the Board's application of that requirement as it pertained to Rose's nomination petitions for the office of alderman of the 7th Ward. As in the state action, Rose asserted claims under the First Amendment, the Equal Protection Clause, the Due Process Clause, and the Voting Rights Act. He also alleged that the defendants were liable under 42 U.S.C. § 1983 based on the same underlying facts.

The defendants moved to dismiss Rose's amended complaint as barred by claim preclusion, arguing that Rose's claims had already been adjudicated by the Circuit Court of Cook County in its final February 3 order dismissing Rose's action on the merits. The district court agreed and dismissed

4 No. 15-1931

Rose's amended complaint with prejudice on March 30, 2015. Rose filed this timely appeal.

## II. Analysis

We review a dismissal on claim-preclusion grounds de novo. *Harmon v. Gordon*, 712 F.3d 1044, 1054 (7th Cir. 2013). Because the prior judgment is from an Illinois state court, Illinois preclusion principles apply. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007); 28 U.S.C. § 1738. In Illinois, "[t]he doctrine of claim preclusion 'provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.'" *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014) (citing *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996)). Thus, claim preclusion has three requirements under Illinois law: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of the parties or their privies. *Dookeran v. Cty. of Cook, Ill.*, 719 F.3d 570, 575 (7th Cir. 2013) (citing *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001)).

All three requirements of claim preclusion are satisfied in this case. The parties in Rose's state and federal actions are the same, and the Circuit Court of Cook County's February 2015 order dismissing Rose's petitions for judicial review was unquestionably a final judgment on the merits. *See* Ill. S. Ct. R. 273 ("Unless … otherwise specifie[d], an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the mer-

No. 15-1931 5

its.").[2] Nor is there any doubt that the state court was competent to resolve Rose's federal claims. *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("[S]tate courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."). Rose asserts that the state court could not adjudicate his constitutional claims because the statute providing for judicial review of election board decisions, 10 ILCS 5/10-10.1, authorizes only limited judicial review. He is wrong. The Illinois Supreme Court has addressed this question and has held just the opposite: state courts may consider constitutional challenges when reviewing election board decisions. *Jackson-Hicks v. E. St. Louis Bd. of Election Comm'rs*, 28 N.E.3d 170, 178 (Ill. 2015); *Goodman v. Ward*, 948 N.E.2d 580, 588 (Ill. 2011). This element of claim preclusion was therefore satisfied.

Finally, Rose's state and federal actions are identical for claim-preclusion purposes. In Illinois as elsewhere, separate claims are considered the same cause of action if "'they arise from a single group of operative facts, regardless of whether they assert different theories of relief.'" *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1079–80 (7th Cir. 2011) (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998)). *See also Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 821 (7th

---

[2] Although Rose also named the State of Illinois as a defendant, this had no effect on the case. The state is not a "person" for purposes of 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and any argument to the effect that the state did not follow its own laws is barred by the Eleventh Amendment, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984).

Cir. 2011) (internal marks omitted) ("The transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction."). In both his state and federal action, Rose challenged the Illinois statute prescribing the four-percent signature requirement for aldermanic elections. He also challenged the Board's decision, based on the four-percent requirement, not to print his name on the ballot for the February 2015 election for Chicago's 7th Ward. Both the state and federal actions are clearly predicated on the same set of operative facts and are therefore the same cause of action under Illinois law.

Rose's addition of a § 1983 claim in his federal action does not change the analysis; it is merely a different theory of recovery arising from the same facts and circumstances that gave rise to the state action. *See Stillo v. State Ret. Sys.*, 852 N.E.2d 516, 519 (Ill. App. Ct. 2006) (internal marks omitted) ("The assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief."). Nor is it relevant that Rose never litigated his § 1983 claim in state court: "[c]laim preclusion applies not only to matters that were actually decided in the original action but also to matters that could have been decided." *Walczak*, 739 F.3d at 1017; *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83–85 (1984) (section 1983 claim precluded in federal court where plaintiff could have brought the claim in her earlier state court action).

Rose argues that the two actions are different because Illinois later amended its statutory signature requirement after his state court proceedings were over. *See* 65 ILCS 20/21-

Case: 1:15-cv-00382 Document #: 37 Filed: 04/01/16 Page 7 of 9 PageID #:605
Case: 15-1931　　Document: 00712781236　　Filed: 04/01/2016　　Pages: 9

No. 15-1931　　　　　　　　　　　　　　　　　　　　　7

28 (2015) (current version of the statute, eliminating the four-percent formula and requiring at least 473 signatures on nomination petitions for every ward). But the amendment in question did not take effect until June 2015, and so did not apply to Rose's nomination petitions or the Board's decision not to place his name on the ballot for the February 24, 2015 election. Indeed, the amendment did not take effect until months after the conclusion of Rose's district court proceedings. And while Rose now tries to frame his federal action as a pre-enforcement challenge to the amendment's validity, his federal pleadings—which do not even mention the amendment—tell a different story. Like his state court pleadings, Rose's operative federal complaint is directed exclusively at the four-percent signature requirement of the statute in effect when the Board denied him access to the ballot in January 2015. Rose cannot use his appeal as a vehicle to recreate his federal action or to assert new claims that he did not raise in district court.[3] *See Joyce v. Morgan Stanley & Co.*, 538 F.3d 797, 801 (7th Cir. 2008) (internal marks omitted) (a plaintiff "may not amend the complaint on appeal to state a new claim"). In sum, Illinois's amendment to its statutory signature requirement governing aldermanic elections is unrelated to the substance of Rose's state or federal actions and

---

[3] Rose first suggested that he was prospectively challenging the statute's June 2015 amendment in his responsive brief to the motions to dismiss in district court. But Rose did not raise this claim in his amended complaint, and his fleeting reference to the amended version of the statute in his response brief does not alter the factual basis of his federal action. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (noting the "axiomatic rule that a plaintiff may not amend his complaint in his response brief").

Case: 1:15-cv-00382 Document #: 37 Filed: 04/01/16 Page 8 of 9 PageID #:606
Case: 15-1931 Document: 00712781236 Filed: 03/04/2016 Pages: 9

8 No. 15-1931

has no bearing on the preclusive effect of the state court judgment.

Rose also argues that claim preclusion should not apply because he did not have an adequate opportunity to litigate his claims in state court. We accord preclusive effect to a state court judgment only if the plaintiff had a "full and fair opportunity" to litigate his claims in the prior action. *Kremer v. Chem. Constr. Co.*, 456 U.S. 461, 480–82 & n.22 (1982). "A plaintiff is afforded a full and fair opportunity to litigate his claims so long as the state court proceedings complied with the minimum procedural requirements of the Due Process Clause." *Licari v. City of Chicago*, 298 F.3d 664, 666–67 (7th Cir. 2002).

We have little trouble concluding that the state court proceedings to which Rose voluntarily submitted were constitutionally adequate. After a hearing, the Circuit Court of Cook County issued a thorough written decision carefully addressing each of Rose's claims and supporting arguments, including those raised for the first time in his amended memorandum of law. There is no indication that the state court proceedings were insufficiently extensive or substantively unfair, and the mere fact that Rose was displeased with the outcome of those proceedings does not amount to a violation of due process.

Rose nonetheless complains that he did not have a fair opportunity to appeal the state court's decision because his case became moot before the expiration of the statutory time to appeal.[4] Putting aside the rather embarrassing implica-

---

[4] Rose says that his case was mooted on February 24, 2015, when the 7th Ward alderman election was held without Rose's name on the ballot.

tions of this argument (if Rose's case is moot, why does he continue to advance it on appeal?), the fact remains that Rose had the same statutory right to appeal as any other litigant; he simply chose not to do so. His right to appeal was not rendered illusory merely because subsequent factual developments in his case made an appeal less advantageous. Accordingly, Rose had a full and fair opportunity to litigate his claims in state court, and the minimum procedural requirements of the Due Process Clause were met.

### III. CONCLUSION

At oral argument, Rose's counsel insisted that, "beyond all the doctrines … beyond all the claim preclusion … the main issue is equity and fairness." But what is fair and equitable is the consistent application of well-settled principles of claim preclusion under controlling law. The district court properly dismissed Rose's amended complaint on grounds of claim preclusion, and we affirm.

AFFIRMED.

---

*See* Pl.'s Br. at 13 ("As a matter of law, Plaintiff's case was moot as of February 24th, 2015.").